```
 1  Edward W. Schmitt, Esq. (SBN 101330)
    Jeffrey M. McConnell, (SBN 126059)
 2  KOELLER, NEBEKER, CARLSON & HALUCK, LLP
    3 Park Plaza, Suite 1500
 3  Irvine, CA  92614-8557
    Telephone:    (949) 864-3400
 4  Facsimile:    (949) 864-9000
    Edward.schmitt@knchlaw.com
 5  Jeff.mcconnell@knchlaw.com

 6  Attorneys for Defendant
    PULTE HOME CORPORATION
 7
    John D. Klinedinst, Esq. (SBN 86254)
 8  Robert L. Clarkson, Esq. (SBN 102183)
    Robert J. Hatem, Esq. (SBN 185654)
 9  Mark J. Goldsmith, (SBN 244339)
    KLINEDINST PC
10  777 S. Figueroa St. 47th Floor
    Los Angeles, CA  90017
11  Telephone:    (213) 607-2115
    Facsimile:    (213) 607-2116
12  jklinedinst@klinedinstlaw.com
    rclarkson@klinedinstlaw.com
13  rhatem@klinedinstlaw.com
    mgoldsmith@klinedinstlaw.com
14
    Stephen E. Embry, Esq., Pro Hac Vice
15  Christopher S. Burnside, Esq., Pro Hac Vice
    FROST BROWN TODD
16  400 W. Market St. 32nd Floor
    Louisville, KY  40202
17  Telephone:    (502) 568-0253
    Facsimile:    (502) 581-1087
18  sembry@fbtlaw.com
    cburnside@fbtlaw.com
19
    Attorneys for Defendant
20  U.S. GREENFIBER, LLC
```

FILED 2008 DEC -8 PM 4:16 CLERK U.S. DISTRICT COURT CENTRAL DIST OF CALIF. LOS ANGELES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE KINGSBURY, EMILIO SEGURA, PILIEN SEGURA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. GREENFIBER, LLC, a North Carolina business entity; PULTE HOME CORPORATION, a Michigan corporation; and | Case No. CV08-151-AHN (JTLx)<br><br>EXPERT DECLARATION OF KATHLEEN F. CARPENTER, ESQ. |

| | |
|---|---|
| 1 | QUALITY INTERIORS, INC., a California corporation, et al., |
| 2 | |
| | Defendants. |
| 3 | |

4

5  1.  I am an attorney at law duly licensed to practice in all of the court of the State of

6      California, and am a partner in the firm of COOPER, WHITE & COOPER LLP

7      located in San Francisco, California.

8  2.  I state the following matters based on the information personally known to me and,

9      if called as a witness, I can and will competently testify to the same of my own

10     personal knowledge.

11 3.  The purpose of this Declaration is to provide the Court with important historical

12     background information and a summary of California's "Right to Repair Law"

13     known as SB 800 as it relates to the SB 800 issues relevant to the class

14     certification in this matter and to describe the nature and extent of the expert work

15     performed to date and additional work planned to be completed prior to the

16     hearing for class certification in this matter.

17 4.  This background and summary regarding the Right to Repair law is respectfully

18     submitted to assist this Court in understanding this new and complex reform

19     legislation, given the absence of case law to use as guidance to interpreting this

20     new and complex statutory scheme, which represented the most sweeping and

21     comprehensive construction defect reform in the history of California.

22 5.  I have practiced law in the State of California for over twenty years. While my

23     experience is broad-based in both transactional and litigation matters, for over

24     eighteen years I have been handling a variety of construction defect related matters

25     ranging from single family homes to mass party litigation, including attempted

26     class action litigation.

27 6.  I have filed numerous Amicus briefs on behalf of various trade groups on issues

28     relating to construction defect reform, trade groups whose members include Home

Builders, Subcontractors, Suppliers and Manufacturers. Some of these matters include:

(a) Amicus Brief in support of *Greystone Homes, Inc.* in *Greystone Homes, Inc. v. Midtec, Inc., et al.*, California Court of Appeal, Fourth Appellate District, Division One, Appeal from San Diego Superior Court Case No. GIC865871 (2008 - pending)

(b) Joinder in Support of Petition for Review in *Acosta v. Glenfed Development Corp.*, California Court of Appeal, Second Appellate District, Division Three, Case No. B163118, 128 Cal.App.4th 1278 (2005)

(c) Amicus Brief on behalf of California Building Industry Association in *Filipina Jiminez, et al., v. Superior Court of California*, 29 Cal.4th 473 (2002)

(d) Joinder in Support of Continental Residential, Inc. and D.R. Horton, Inc.'s Petition for Review in *Continental Residential, Inc. and D.R. Horton, Inc. v. Angel Uribe, et al.*, California Court of Appeal, Fourth Appellate District, Division One, Case No. D052856 (2008)

(e) Request for Depublication of *Pardee Construction Company v. Rodriguez, et al., v. The Superior Court of San Diego County*, Ivan Ernesto Rodriguez, et al., Case No. D039273 (2002)

(f) Opposition to Request for Depublication of *Basura v. U.S. Home Corporation*, California Court of Appeal, Second Appellate District, Division Three, Case No. B151131 (2002)

(g) Request for Publication of *Brian R. Leslie v. U.S. Home Corporation*, California Court of Appeal, Fourth Appellate District, Division Two, Case No. E029915 (2003)

(h) Joinder in Support of Shea Homes' Petition for Review in *Gordon Alward, et al. v. Shea Homes Limited Partnership, et al.*, California Court of Appeal, Fourth Appellate District, Division One, Case No. D037071 (2001)

(i) Amicus Brief on behalf of Dunmore Development Company in *William Barksdale, et al. v. Dunmore Development Company*, California Court of Appeal, Third Appellate District, Appeal from Sacramento Superior Court Case No. 04AS03485 (2006)

7.  I have also served (and at present, continue to serve) on a variety of committees and panels over the past fifteen years relating to construction defect reform, serving on behalf of numerous trade groups and organizations, including without limitation, The National Association of Home Builders, The California Building Industry Association, The Home Builders Association of Northern California.

8. Most importantly, for over fifteen years, I have been participating actively in almost every area of construction defect reform that has been considered, rejected or adopted by the California Legislature.

9. I have worked with various Legislators relating to construction defect reform legislation, have testified as an expert before the California State Senate relating to defect reform issues. I was also member of an advisory panel to the Governor's transition team relating to tort reform in the State of California.

10. The industry and consumer's need for sweeping construction defect begin to gain traction in 2001 and in 2002. What followed was two year-plus process of negotiations with all of they key stakeholders present (Manufacturers, Suppliers, Subcontractors and Home Builders) that resulted in SB 800, the most sweeping construction defect reform in California history. SB 800 provides a Builder with an absolute right to repair an alleged defect prior to pursuit of legal action against the Builder. I co-authored the industry guidelines regarding SB 800, and for the past three years and have traveled extensively all over the State of California to provide education for builders, attorneys and judges regarding the application of SB 800.

11. *On August 31, 2002, the California Legislature passed Senate Bill (SB) 800 (Burton), more commonly known as the "Right to Repair" or "Fix It" Bill.* While there is still little or no case law interpreting the statute, this bill significantly impacted the way in which Home Builders and trade contractors must address construction defect claims made by homeowners. Prior to its enactment, a homeowner could pursue a lawsuit without ever contacting their Builder to allow the Builder the opportunity to investigate and repair. Builders across the state have found themselves subjected to an avalanche of lawsuits filed by homeowners, many of which **never** even notified their Builder of any problems with their home.

12. The purpose of SB 800 was change the then current system, thereby reduce the costs of handling the multi-party litigation (expenses that have often referred to as the "Gross National Product" of construction defect litigation) and to provide a homeowner with a cost-efficient process within which to have his/her home repaired. Based upon my extensive experience and discussions with California Builders and various trade organizations, since the enactment of SB 800, there has been a substantial reduction in litigation. There has also been a substantial increase in homeowners working directly with his/her builder to resolve claims through the builder warranty and/or SB 800 process.

13. An overview of the major moving parts of SB 800 is set forth in Paragraphs 14-16 below.

14. SB 800 replaces current liability for the failure to meet certain listed construction functionality standards, Cal. Civ. Code §§ 896, 944;

15. SB 800 expressly imposes these standards and liability on both Builders and individual product manufacturers "to the extent" that any manufacturer's actions "caused, in whole or in part, a violation of a particular standard as the result of a negligent act or omission or a breach of contract," Cal. Civ. Code §§ 896, 936;

16. SB 800 also explicitly states that the Right to Repair Law does not modify "the law pertaining to joint and several liability for ... individual product manufacturer[s] [sic] ... that **contribute** to any specific violation of this title," Cal. Civ. Code (emphasis added), while recognizing that Builders would "hold" product manufacturers "responsible" for their "contribution to the unmet standard." Cal. Civ. Code § 916(e);

17. Support for SB 800 was provided by a wide-range of interests and groups, The California Building Industry Association.

18. It should also be noted that there had been a request for clarification of Section 896(g)(3)(E) of SB 800, and that was clarified by Senator Burton. Under that section, if a homeowner brings a claim solely for a defect in a manufactured

product and the homeowner includes the Builder in the claim, the right to repair provisions apply to the claim against the Builder, and the homeowner must proceed with the right to repair process. Attached hereto as Exhibit "A" is a true and correct copy of the letter from Senator Burton.

19. In connection with this motion for class certification, I have reviewed several pleadings and discovery excerpts, not only in this case, but in the companion actions filed in State Court asserting the same alleged defects. I also reviewed excerpts of depositions taken of some of the homeowners. I plan to continue my review of these pleadings and ongoing discovery, as they directly relate to the application of SB 800 to class certification, in that permitting mass litigation to proceed without providing the builder the proper notice and opportunity to repair renders SB 800 meaningless.

20. Based on my extensive experience in the negotiation, drafting and statewide education regarding the applicability of SB 800, thus far, I have concluded that, in addition to all other reasons which will be set forth by Pulte and Greenfiber as to why the myriad of different damage claims preclude class certification, class certification could be denied based on the applicability of SB 800 alone.

21. While there appears to be a reference in one pleading stating that the litigation relates solely to a manufacturing issue, other pleadings allege problems with installation issues contributing to the alleged damages/defects and therefore this matter falls squarely within the SB 800 statutory scheme. Moreover Civil Code Section 896(g)(3)(E) provides that the claims falls within the SB 800 process since a claim is being made against the Builder. Thus, if the Builder is denied its absolute right to repair, to permit class certification to proceed simply flies in the face of the very reason for which SB 800 was enacted.

22. Since proceeding as a class action would result in sidestepping the entire SB 800 process, consumers and business owners would be robbed of the benefits of the

hard fought battle that culminated in the enactment of SB 8800 reform (a legislative battle in which the consumer attorneys participated).

23. It is my intent to supplement this report based upon my ongoing review of the pleadings and discovery referenced above, and to provide this Court with updates regarding any significant information collected about the continued post–SB 800 reduction in claims, improvement in insurance availability since the enactment of SB 800 and other important SB 800 developments.

24. My hourly rate for expert deposition and testimony is $400.00 per hour.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 15th day of September 2008, in Walnut Creek, California.

KATHLEEN F. CARPENTER

6086 SENATE JOURNAL Aug. 31, 2002

Machado, McPherson, Murray, O'Connell, Ortiz, Peace, Perata, Polanco, Romero, Scott, Sher, Soto, Speier, and Vasconcellos.

NOES (8)—Senators Ackerman, Battin, Haynes, Margett, McClintock, Monteith, Morrow, and Oller.

## UNFINISHED BUSINESS (RESUMED)
### Consideration of Assembly Amendments

**Senate Bill 800**—An act to add Section 43.99 to, and to add Title 7 (commencing with Section 895) to Part 2 of Division 2 of, the Civil Code, relating to construction defects.

Bill presented by Senator Burton.

The question being: Shall the Senate concur in the Assembly amendments to SB 800?

### Roll Call

The roll was called and the Senate concurred in Assembly amendments by the following vote:

AYES (33)—Senators Alarcón, Alpert, Battin, Bowen, Burton, Chesbro, Costa, Dunn, Escutia, Figueroa, Haynes, Johannessen, Karnette, Kuehl, Machado, Margett, McPherson, Monteith, Morrow, Murray, O'Connell, Ortiz, Peace, Perata, Polanco, Poochigian, Romero, Scott, Sher, Soto, Speier, Torlakson, and Vasconcellos.

NOES (0)—None.

Above bill ordered enrolled.

### MOTION TO PRINT IN JOURNAL

Senator Burton moved that the following letter be printed in the Journal. Motion carried.

August 29, 2002

*The Honorable Gregory P. Schmidt*
*Chief Executive Officer*

Dear Greg:

There has been a request for clarification of Section 896(g)(3)(E) of SB 800. Under that section, if a homeowner brings a claim solely for a defect in a manufactured product and the homeowner includes the builder in the claim, the right to repair provisions apply to the claim against the builder. Otherwise, the statute does not apply in any action seeking recovery solely for a defect in a manufactured product located within or adjacent to a structure.

Peace and Friendship,

JOHN BURTON
President pro Tempore

### Senator Bowen Presiding
### REQUEST FOR UNANIMOUS CONSENT (SB 689)

Senator Perata asked for, and was granted, unanimous consent to take up SB 689 at this time, without reference to file.

000008

And respectfully requests your honorable body to concur in said amendments.

Above measures ordered to unfinished business file.

Assembly Chamber, September 1, 2002

*The Honorable Greg Schmidt*
*Secretary of the Senate*

Dear Greg: Pursuant to the instructions of the Assembly, I am herewith returning SB 1756 to the Senate.

Sincerely,

E. DOTSON WILSON
Chief Clerk

Above measure ordered to unfinished business file.

Assembly Chamber, September 1, 2002

Madam President: I am directed to inform your honorable body that the Assembly on this day concurred in Senate amendments to:

| | | | |
|---|---|---|---|
| AB 442 | AB 593 | AB 2065 | AB 2997 |
| AB 444 | AB 1100 | AB 2781 | AB 3009 |
| AB 523 | AB 1768 | AB 2996 | |

Assembly Chamber, September 1, 2002

Madam President: I am directed to inform your honorable body that the Assembly on this day concurred in Senate amendments to:

AB 425

E. DOTSON WILSON, Chief Clerk of the Assembly

### SENATE JOURNALS APPROVED

Without objection, the Senate Journals for 2002 of the 2001–2002 Session of the Senate shall be approved as corrected by the Senate Journal Clerk.

### REQUEST TO BE ADDED TO ROLL CALL

August 31, 2002

Mr. Secretary: Pursuant to the provisions of Senate Rule 44, I request to be recorded as voting on the following measures taken up on this day:

| | | |
|---|---|---|
| AB 55—Aye | SB 1925—Aye | SB 2028—Aye |
| SB 1938—Aye | SB 1384—Aye | AB 2683—Aye |
| AB 2469—Aye | AB 2363—Aye | SB 1523—Aye |
| AB 2833—Aye | SB 1393—Aye | SB 1038—Aye |
| SB 1312—Aye | SB 933—Aye | SB 1767—Aye |
| SB 1482—Aye | | |

JOHN L. BURTON, President pro Tempore