O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | March 30, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:  Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

  This action is before the Court on Plaintiffs' motion for class certification under Federal Rules of Civil Procedure 23(b)(3) and 23(b)(2). The named Plaintiffs — Emilio Segura, Pi Lien Segura and Lauralee Naff — allege that they, and all other putative class members, suffered property damage and bodily injury from mold caused by "Cocoon web blown cellulose insulation" ("CWBCI") that was installed in new homes constructed by Defendant Pulte Home Corporation, Inc. ("Pulte"). Plaintiffs also allege that they were misled by Defendants into believing that the CWBCI was safe and effective. Defendant Pulte is a mass producer of residential housing. It installed CWBCI into new homes that members of the putative class reside in and/or purchased new from Pulte. Defendant U.S. Greenfiber, LLC ("Greenfiber") manufactures and sells the CWBCI used by Pulte. Defendant Quality Interiors, Inc. ("Quality") was hired by Pulte to install CWBCI in the new homes.

  Plaintiffs' Complaint alleges three causes of action: negligence; strict product liability; and violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, *et seq*. Under the common law causes of action Plaintiffs seek compensatory and special damages. Under the UCL, they seek restitution, restitutionary disgorgement, injunctive relief, and declaratory relief, as well as attorneys' fees. Compl., Prayer for Relief.

  Plaintiffs seek to certify a class consisting of:

> All persons who purchased and/or own homes manufactured by
> defendant PULTE HOME CORPORATION in the state of California
> which incorporate Cocoon WBCI into wall cavities. Specifically

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | March 30, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

> excluded from this class are each specifically named defendant, any entity in which any Defendant has a controlling interest, and any of their subsidiaries, affiliates and officers, directors, employees and agents.

Motion[1] at 8. Plaintiffs also propose two potential sub-classes. The first sub-class includes Pulte homeowners in whose homes the CWBCI was installed by Defendant Quality. Plaintiffs seek to certify this sub-class under Fed. R. Civ. P. 23(b)(3). The second sub-class, which Plaintiffs seek to certify under Fed. R. Civ. P. 23(b)(3) and Fed. R. Civ. P. 23(b)(2)[2], includes all Pulte homeowners who purchased their homes from Pulte on or after January 1, 2003. Plaintiffs contend that the claims of this sub-class would be governed by the California Right of Repair Act, Cal. Civil Code § 895, *et seq*. ("RORA"), which applies to homes sold on or after January 1, 2003.[3] The parties agree that 9,709, or 90%, of the approximately 10,745 homes in the main class fall into this second sub-class.

The Court has reviewed the papers filed by Plaintiffs and the three defendants, and finds that the motion for class certification lacks merit for the reasons described below. For reasons explained at the hearing on this motion, however, the Court dismisses the motion for class certification without prejudice.

**I.    GREENFIBER'S MOTION IN LIMINE**

---

[1] On November 24, 2008, Plaintiffs submitted their motion to certify the class. Docket No. 64. On December 1, 2008, Plaintiffs submitted a Corrected Memorandum of Points and Authorities in Support of Motion for Class Certification. Docket No. 74. All citations to "Motion" in this Order refer to the Corrected Memorandum.

[2] Plaintiffs state in the beginning of their motion that they seek certification of this class under Rules 23(b)(2) and 23(b)(1), but later they present only arguments for certification under 23(b)(2). Motion at 9, 25.

[3] Plaintiff does not say so explicitly in its motion, but since this is a sub-class, the Court assumes that it would include only homes with CWBCI.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | March 30, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al.  v. U.S. GREENFIBER, LLC, et al. | | |

Before reaching the merits of the class certification motion, the Court must address Defendant Greenfiber's motion in limine to exclude the opinions and testimony of Plaintiffs' expert, Benjamin Bekhore. Greenfiber contends that Mr. Bekhore is not qualified to give expert testimony on whether CWBCI promotes mold growth in homes where it is installed, or on any other relevant issue. The Court GRANTS the motion.

"While there may be a somewhat relaxed standard for the use of expert testimony at class certification, the lenience of the standard does not apply to qualification as an expert but to the probative value of her conclusions." *Nat'l Fed'n of Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1208 (N.D. Cal. 2007) (citing *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 191 (N.D.Cal. 2004)).

Mr. Bekhore is a licensed contractor who "has been active in managing large residential projects, large estates, development of projects, high rise buildings and related commercial enterprises." Bekhore Expert Report, *Curriculum Vitae*. Defendant Greenfiber identifies several reasons to question Mr. Bekhore's expertise in the matters raised by this case. First, Mr. Bekhore is not licensed as a specialty contractor in any field, including the area of insulation installation. Embry Decl., Ex. E, Bekhore Depo. at 46-47.[4] Second, by Mr. Bekhore's own admission he is "not a mold expert," but rather "an expert on product and the use of products." *Id.* at 200. Third, before he was retained by Plaintiffs he had never been involved in a project where sprayed cellulose insulation was used as an insulating material. *Id.* at 63. Finally, Mr. Bekhore has never seen cellulose insulation being installed, even after being retained in this matter. *Id.* at 65.

In the face of these legitimate concerns, Plaintiffs do not even attempt to defend Mr. Bekhore's expertise. Instead, they aver that they "have never relied exclusively on Mr. Bekhore to support their motion." Opp. to Motion in Limine at 3.

Given the lack of evidence that Mr. Bekhore is an expert in matters relevant to this motion — and the affirmative evidence that he is not qualified — and Plaintiffs' marked failure to defend Mr. Bekhore's expertise, the Court GRANTS Defendant Greenfiber's

---

[4] Citations to the Embry Declaration in this section are to the declaration submitted with the Motion in Limine, at Docket No. 98.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | | Date | March 30, 2009 |
|---|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | | |

motion in limine.[5]

## II. THE PUTATIVE CLASS REPRESENTATIVES

Danielle Kingsbury passed away during the pendency of this litigation. Lauralee Naff is her daughter, and trustee and beneficiary of her estate. Naff purchased her own Pulte-built home and currently resides in the Pulte-built home purchased by her mother. Naff Decl. ¶¶ 1-2, 4. The Court DENIES Naff's request to be substituted as Ms. Kingsbury's legal representative. *See id*. at ¶ 3. Naff must take the appropriate steps to be substituted as a party in the case.

In addition, Plaintiff has pointed to no evidence that named Plaintiff Pi Lien Segura is a member of the putative class. The evidence shows that Emilio Segura is the sole purchaser and owner of their home. Embry Ex. H., Segura Depo. at 335-36. Thus, Emilio Segura is the only named Plaintiff who could serve as a named representative of the putative class, and the Court will analyze only his claims.

## III. ADEQUACY OF THE CLASS DEFINITION

Rule 23 requires that a class be defined. *See Bd. of School Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 130 (1975) (finding error in district court's failure to identify a class). However, the contours of the class need not be so clear that every potential member may be identified at the time of class certification. *Probe v. State Teachers' Retirement Sys.*, 780 F.2d 776, 780 (9th Cir. 1986). Rather, "a class will be found to exist if the description of the class is definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998) (citing *Aiken v. Obledo*, 442 F. Supp. 628, 658 (E.D. Cal. 1977)); Manual for Complex Litigation (Fourth) § 21.222 (2004).

The primary class definition proposed by Plaintiffs is so sweeping that it appears that counsel did not think through whether a class action pursuant to Federal Rule of Civil Procedure 23 is a suitable approach for remedying the alleged harms at issue in this

---

[5] Docket No. 98.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | March 30, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

case. For example, as Defendants point out, a class of "[a]ll persons who *purchased and/or own* homes manufactured by" Pulte would include original purchasers who do not currently live in Pulte homes and would therefore not benefit from an order that Defendants remove and replace insulation. Conversely, the poorly-defined class would include current owners of Pulte-built homes who did not purchase their homes from Pulte and thus have no claim to restitutionary relief under California's Unfair Competition Law ("UCL").[6] If Plaintiffs' motion were otherwise adequate, the class definition would certainly have to be revised.

## IV.  RULE 23(a) REQUIREMENTS

The Court makes the following findings regarding the requirements for class certification under Federal Rule of Civil Procedure 23(a).

### A.  Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  There is undisputed evidence that there are over ten thousand Pulte homes that would qualify under the proposed (albeit deficient) class definition.  The numerosity requirement is therefore satisfied.

### B.  Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  In *Hanlon v. Chrysler Corp.*, the Ninth Circuit noted,

> Rule 23(a)(2) has been construed permissively.  All questions of fact and law need not be common to satisfy the rule.  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.

---

[6] It is not apparent to the Court that even original purchasers have an available remedy under the UCL, but the Court need not decide that issue of standing because it finds that Plaintiffs' motion does not meet the requirements of Rule 23.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | March 30, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al.  v. U.S. GREENFIBER, LLC, et al. | | |

150 F.3d 1011, 1019 (9th Cir. 1998).

  Plaintiffs have failed to allege a shared legal issue with divergent factual predicates or a common core of salient facts with disparate legal remedies.  Although all of the homes in the class were built by Pulte and have CWBCI, adjudicating Plaintiffs' negligence and strict liability claims would require the Court to individually examine the cause of any alleged mold, because even if CWBCI has an inherent defect that causes mold, as Plaintiffs allege, there is significant evidence that there are many other potential causes of mold in a residential home.  These include, among other things, air conditioning use and malfunctions, weather, window leaks, exterior landscape, and the size of the home.  In addition, Defendants have presented persuasive evidence that the impact of CWBCI's alleged defect on members of the putative class is affected by conditions that vary substantially from home to home.  These conditions include, among other factors, the amounts of CWBCI used, the amount of water added to the insulation at the time of installation (which was performed by different subcontractors and workers at different sites), moisture present from ambient weather conditions, and the amount of time the subcontractors allowed the insulation to dry before covering it.

  Furthermore, Plaintiffs would have to prove that any alleged health problem suffered by members of the putative class was caused by mold that in turn was caused by CWBCI.

  To the extent that Plaintiffs' claims are based on allegations that Defendants misrepresented the benefits and safety of CWBCI, they would have to show that the representations each Defendant made to members of the class were all similar.  Plaintiffs have not demonstrated that there is any prospect that they will be able to make such a showing.

  Plaintiffs also contend that there are common questions as to whether Greenfiber breached its lifetime warranty to Plaintiffs and thus (as far as the Court understands this claim) violated the UCL.  The Complaint, however, does not state such a claim.[7]

---

  [7] Plaintiffs' Reply to Greenfiber's Opposition cites only one paragraph in the Complaint, but that paragraph does not set forth a claim for violation of an alleged warranty.  Compl. ¶ 27; Reply at 13.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | March 30, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

Plaintiffs filed separate replies to each of the three defendants' opposition briefs. These replies were based upon a recently decided California Court of Appeals case that holds that the RORA has eliminated the requirement that plaintiffs seeking remedies for defective building products prove that a building component defect actually caused any property damage as a condition of obtaining repair and replacement of the product. *See Greystone Homes v. Midtec, Inc.*, 168 Cal. App. 4th 1994 (Cal. Ct. App. 2008). In this case, Plaintiffs contend, they just need to show that Defendants owed a duty of care to Plaintiffs and breached the standards for building safety and structure set forth in the RORA. Thus, Plaintiffs argue, they do not have to show what caused mold in any home, or even that mold was caused at all. They only have to show that the manufacture, design, sale, and incorporation of CWBCI was defective and breached a duty of care. But this supposed distinction is without a difference. The only notion that Plaintiffs have come up with to establish that CWBCI was defective is that it caused mold. Moreover, reliance on the RORA is not warranted in this case because Plaintiffs' Complaint does not state a cause of action under that statute. The only citation to the statute in the Complaint merely states that the action is exempt from prelitigation procedures set forth in California Civil Code section 895, *et seq.*[8]

Thus, Plaintiffs' motion does not satisfy the commonality requirement.

### C.    Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement "is designed to assure that the named representative's interests are aligned with those of the class." *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1321 (9th Cir.), *vacated and remanded on other grounds*, 459 U.S. 860 (1982). Where such an alignment exists, a representative who vigorously pursues her own interests will necessarily advance the interests of the class. *Id.* The Ninth Circuit interprets the typicality requirement permissively. *Hanlon*, 150 F.3d at 1020. Named plaintiffs' claims need not be identical to the claims of the class; rather, their claims are typical if they are "reasonably co-extensive with those of absent class members." *Id.* "As long as the

---

[8] *Greystone* was decided a few days before Defendants filed their Oppositions and is not addressed in their briefs.

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | March 30, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al.  v.  U.S. GREENFIBER, LLC, et al. | | |

named representative's claim arises from the same event, practice, or course of conduct that forms the basis of the class claims, and is based upon the same legal theory, varying factual differences between the claims or defenses of the class and the class representative will not render the named representative's claim atypical." *Jordan*, 669 F.2d at 1321.

It is unlikely that Emilio Segura, the sole named plaintiff potentially eligible to be a representative, can prove that he is currently suffering from mold-related injuries, given that Plaintiffs present only very thin evidence that Pulte failed to repair the alleged damage to his home.  That "evidence" is a vague and unsupported statement in Segura's declaration that "Even though Pulte came out to perform some work after we purchased the home, we have still seen signs of mold."  Segura Decl. ¶ 7.  Pulte's expert, however, inspected the Segura residence and found no mold.  *See* Oberg Decl. ¶ 5, Ex. 1 at 2.

But even if Segura is currently experiencing the effects of mold problems on his property, more than 90% of the putative class members have not reported mold problems.  And even though some other members of the putative class did report such problems (which Pulte claims it has remediated), Plaintiffs have not shown that the causes of Segura's mold problems are typical of the causes of other class members' mold.  As stated above, different subcontractors were used for different homes; an unknown percentage of homes had no problems with their HVAC system (as Segura did); and some homes were located in regions that experienced heavy rains during construction, while others were not.

The evidence that Segura or anyone in his household had any health problems as a result of the mold is also very thin, amounting to a statement in Segura's declaration that "People in my home have been ill and I am concerned that mold in the home can cause us to be sick."  In whose home anywhere have people never been ill?  Plaintiffs also cite an investigation performed in 2005 by a testing company that found "the master bathroom of the subject property exhibit [sic] an abnormal and above background airborne fungal presence based on the non-viable air samples.  Visible suspect fungal presence was found on the drywall behind the mirror in the master bedroom."  Parks Decl. Ex. 92 at 92-5, 92-13; *see also* Parks Decl. Ex. 105 (reaching similar conclusion).  Plaintiffs point to no evidence that this level of airborne fungus was actually harmful.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | March 30, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

But again, as with the property-damage-based claim, given that the vast majority of the putative class members reported no mold problems, the health problems Segura experienced are not typical of the putative class.

It is undisputed that Segura did lose the use and enjoyment of his property when his family had to move out of their home while Pulte remediated mold-related damage. Segura Decl. ¶¶ 5, 7. But aside from evidence that Pulte budgeted monies to pay for such temporary dislocation, there is no evidence that any other putative class members lost the use and enjoyment of his property due to repairs. Even if there were such evidence, the impact, or inconvenience on each putative class member of having to move out of his home temporarily would vary widely with a number of factors, such as how far they had to move, the availability of alternative accommodations, and whether they had children or pets.

Similar considerations apply to the alleged misrepresentations made to Segura and members of the putative class.

Thus, Plaintiffs' motion does not satisfy the typicality requirement.

### D.    Adequacy of Representation

This factor requires: (1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel. *See Hanlon*, 150 F.3d at 1020.

To the extent that Segura has current mold problems, he is seeking to redress those problems via an individual action he filed in state court against Pulte. *See William Kearl, et al. v. Pulte Home Corp.*, Case No. CIVVS 802612. Although only Pulte is named as a defendant in that lawsuit and the suit does not allege violations of the UCL, there is significant overlap between the claims in that case and those in this one. On September 16, 2008, the San Bernardino Superior Court stayed *Kearl* in light of that court's belief that this Court might assume jurisdiction over *Kearl's* non-insulation-based claims. *See* McConnell Decl. ¶ 9; Request for Judicial Notice, Ex. F. This Court does not intend to exercise jurisdiction over those claims. Thus, Segura will have significantly less interest in this case and would probably not serve the interests of the class adequately. And to the

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | March 30, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al.  v.  U.S. GREENFIBER, LLC, et al. | | |

extent Segura's property-related problems have *already* been remediated, he also would not serve as an adequate representative of the putative class (assuming of course that the putative class members are currently experiencing problems).

## V.     RULE 23(b)(2) REQUIREMENTS

The Court will not address Plaintiffs' contentions as to the certification of a sub-class under Federal Rule of Civil Procedure 23(b)(2) because Plaintiffs' motion does not satisfy Rule 23(a), which is a prerequisite to certification of any class.

## VI.    RULE 23(b)(3) REQUIREMENTS

### A.     Predominance of Questions Common to the Class

"When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.  When one or more of the central issues in the action are common to the class, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members. *See Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (holding that Rule 23(b)(3) predominance requirement was satisfied where all liability issues in employment case were the same and the only individualized issues related to the calculation of damages); *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 428 (4th Cir.), *cert. denied* 124 S.Ct. 2837 (2003) (stating that because Rule 23(b)(3) actions usually require individual proof of damages, courts usually find predominance requirement satisfied if common questions predominate over individual questions as to liability).

In this case common issues do not predominate for the same reasons that there are not "questions of law or fact common to the class." *See* Rule 23(a) analysis, *supra*.  In short, if certification were granted, the Court would have to analyze on an individual basis a myriad of different issues.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | March 30, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al.  v.  U.S. GREENFIBER, LLC, et al. | | |

### B.     Superiority of the Class Action Method

Rule 23(b)(3) specifies four nonexclusive factors that are "pertinent" to a determination of whether class certification is the superior method.  Fed. R. Civ. P. 23(b)(3).  They are: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.  *Id.*  Courts have discretion under Rule 23 to decline to certify a class action when it would bring about "undesirable results."  Advisory Committee Notes, 39 F.R.D. 69, 103.

In this case, the vast majority of the putative class members could pursue repairs under California's Right to Repair law, Cal. Civil Code § 895, *et seq.*, which applies to homes sold on or after January 1, 2003, and provides a non-judicial mechanism for homeowners to secure remediation for the kinds of problems addressed by this action.  Of course, individual homeowners may also pursue individual actions if they do not resolve their problems through the non-judicial process.[9]

Plaintiffs' motion thus does not demonstrate that a class action is a superior method for resolving the bulk of their claims.[10]

### VII.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion for class

---

[9] In fact, the named Plaintiffs in this case are pursuing a non-class-action in state court.  Though that action only names Pulte and does not allege a claim under the UCL, it could easily be amended so that its claims mirror those in this suit.

[10] The Court will not address the manageability of a class action because it has found the motion inadequate for the numerous reasons discussed above.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | March 30, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al.  v. U.S. GREENFIBER, LLC, et al. | | |

certification without prejudice[11] and GRANTS Defendant's motion in limine.[12]

* * *

At the March 30, 2009 hearing on this motion, the Court distributed to the parties a tentative version of this Order and allowed them time to review it before argument.  After hearing argument, the Court concluded that the foregoing analysis is correct, but that Plaintiffs should be permitted to file an amended complaint alleging a claim under the RORA.  Defendants shall answer, and the Plaintiffs may then file a motion for certification based upon the amended pleadings.  Although the factual findings and legal conclusions in this Order will not constitute "the law of the case," or have any res judicata or collateral estoppel effect on any subsequent motion to certify a class in this case, they should be considered carefully.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |

---

[11] Docket No. 64.

[12] Docket No. 98.