1   Edward W. Schmitt, Esq. (SBN 101330)
    Jeffrey M. McConnell, Esq. (SBN 126059)
2   Edward.schmitt@knchlaw.com
    Jeff.mcconnell@knchlaw.com
3   Koeller, Nebeker, Carlson & Haluck, LLP
    3 Park Plaza, Suite 1500
4   Irvine, CA 92614-8558
    949-864-3400; fax: 949-864-9000
5
    Attorneys for Defendant
6   Pulte Home Corporation

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11

| 12  DANIELLE KINGSBURY, EMILIO | ) | Case No. CV08-151-AHM-(JTLx) |

12   DANIELLE KINGSBURY, EMILIO        )    Case No. CV08-151-AHM-(JTLx)
     SEGURA, PILIEN SEGURA, individually )
13   and on behalf of al others similarly situated, )   **PULTE HOME CORPORATION'S**
                                         )    **OBJECTIONS TO EVIDENCE**
14              Plaintiffs,              )
                                         )    Date:      July 6, 2009
15   v.                                  )    Time:      10:00 a.m.
                                         )    Courtroom  No. 14
16   U.S. GREENFIBER, LLC, PULTE HOME    )               312 North Spring Street
     CORPORATION, QUALITY INTERIORS,     )               Los Angeles, California
17   INC. ,                              )
                                         )
18              Defendants.              )
                                         )
19

20          Defendant Pulte Home Corporation hereby objects to the following evidence presented by

21   moving party in connection with the Motion for Class Certification set for hearing on January 12,

22   2009 before this Court.

23       (1)   Declaration of Emilio Segura, dated November 20, 2008:

24          PULTE notes that in the Court's March 30, 2009 ruling at page 8, the Court found

25       that the Segura declaration was "very thin" and "vague" to support the initial Class

26       Certification Motion.  The present declaration does not offer any new or relevant

27   ///

28                                        1

1   evidence to bolster plaintiffs' efforts at class certification.   PULTE objects to the

2   declaration on the following additional grounds:

3   Paragraph 4, line 18-19.

4   This evidence is objected to on the ground that it is speculation and not based on the

5   personal knowledge of the declarant.   FRE 602, *United States v. Shumway* (9th Cir.

6   1999) 199 F3d 1093, 1104.

7   Paragraph 5, lines 20-26.

8   This evidence is objected to on the ground that it does not state facts based on the

9   personal knowledge of the declarant.  The declarant must establish his connection

10  with the matters stated and the source of his information.  FRE 602, *United States v.*

11  *Shumway* (9th Cir. 1999) 199 F3d 1093, 1104.   At lines 25-26, the evidence is

12  further objected to as expressing the declarant's  non-expert opinion with adequate

13  foundation and fails to state facts.

14  Paragraph 5 p. 2:28 and p. 3 lines 103:

15  This evidence is objected to on the ground that it does not state facts based on the

16  personal knowledge of the declarant.  The declarant must establish his connection

17  with the matters stated and the source of his information.  The paragraph is hearsay.

18  FRE 602, *United States v. Shumway* (9th Cir. 1999) 199 F3d 1093, 1104.

19  Paragraph 6,  p. 3: lines 4-6.

20  This evidence is objected to on the grounds that the evidence is not based on the

21  personal knowledge of the declarant and the declarant has failed to establish the

22  source of his information.  Lines 5-6 objection is further raised to the alleged Pulte

23  assurances, the evidence is hearsay, the declarant fails to state facts

24  such as the maker of the alleged statement, the declarant has failed to establish the

25  source of his information FRE 602, *United States v. Shumway* (9th Cir. 1999) 199

26  F3d 1093, 1104.  In the Court's March 30, 2009 ruling at page 8, the Court found that

27  the Segura declaration was "very thin" and "vague" to support the initial Class

28  Certification Motion.  The present declaration does not offer any new or relevant

2

**PULTE HOME CORPORATION'S  OBJECTIONS TO EVIDENCE**

evidence to bolster plaintiffs' campaign at class certification.

Paragraph 7 lines 4-6.

This evidence is objected to on the grounds that the evidence fails to state facts, but rather is merely the opinion of the declarant.  FRE 602, *United States v. Shumway* (9th Cir. 1999) 199 F3d 1093, 1104.  In the Court's March 30, 2009 ruling at page 8, the Court found that the Segura declaration was "very thin" and "vague" to support the initial Class Certification Motion.  The present declaration does not offer any new or relevant evidence to bolster plaintiffs' campaign at class certification.

Paragraph 7 lines 7-12.

This evidence is objected to on the grounds that the evidence fails to state facts, but merely the opinion of the declarant.  The evidence is pure speculation without any foundation of facts.   The reference at line 12 that, "we have still seen signs of mold" is objected to as lacking facts and the declarant is not competent to render opinion testimony of what is considered signs of mold, where the observation was made, the causation of the alleged mold, the declarant has made no showing of qualifications under FRE 702 to render expert opinions.  In the Court's March 30, 2009 ruling at page 8, the Court found that the Segura declaration was "very thin" and "vague" to support the initial Class Certification Motion.  The present declaration does not offer any new or relevant evidence to bolster plaintiffs' campaign at class certification.

Parks Declaration Volume IB of II:

(2)  Exhibit I:  Deposition of John Drew dated September 8, 2008:

p. 83: 11-18.

This evidence is objected to on the grounds that the deposition testimony lacks foundation, the witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP 30(b)(6), [see accompanying Objection to John Drew deposition attached] calls for expert opinion and is mischaracterized as an admission in the moving papers.  Further objection is

/ / /

3

1    made that the testimony is mischaracterized and is only the opinion of plaintiffs' counsel as used

2    throughout the moving papers.

3       p. 44 lines 4-21.

4       Objection is made on the grounds that the deposition testimony lacks foundation for the

5    testimony regarding the entire state of California, the witness was not produced as the person

6    most knowledgeable on behalf of Pulte under FRCP 30(b)(6) [see accompanying Objection to

7    John Drew deposition attached], and mischaracterizes the testimony as is solely the opinion of

8    Plaintiffs' counsel as used throughout the moving papers.

9       p. 47:17-23, 48:10-16.

10       Objection is made on the grounds that the deposition testimony lacks foundation for

11    testimony regarding the entire state of California, the witness was not produced as the person

12    most knowledgeable on behalf of Pulte under FRCP 30(b)(6) [see accompanying Objection to

13    John Drew deposition attached], and mischaracterizes the testimony and is as solely the opinion

14    of plaintiffs' counsel as used throughout the moving papers.

15       p. 63:18-64:1-8.

16       Objection is made on the grounds that the deposition testimony lacks foundation for the

17    testimony regarding the entire state of California, the witness was not produced as the person

18    most knowledgeable on behalf of Pulte under FRCP 30(b)(6) [see accompanying Objection to

19    John Drew deposition attached], and mischaracterizes the testimony and is solely the opinion of

20    Plaintiffs' counsel as used throughout the moving papers.

21       p. 69:25-70:22.

22       Objection is made on the grounds that the deposition testimony lacks foundation, calls for

23    expert opinion, the witness was not produced as the person most knowledgeable on behalf of

24    Pulte under FRCP 30(b)(6) [see accompanying Objection to John Drew deposition attached],

25    and mischaracterizes the testimony and is solely the opinion of plaintiffs' counsel as used

26    throughout the moving papers.

27       p. 83:11-84:1.

28    / / /

**PULTE HOME CORPORATION'S  OBJECTIONS TO EVIDENCE**

1   Objection is made on the grounds that that the deposition testimony lacks foundation, the

2   witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

3   30(b)(6), [see accompanying Objection to John Drew deposition attached] calls for expert opinion

4   and is mischaracterizes the testimony and is solely the opinion of plaintiffs' counsel as used

5   throughout the moving papers.

6       p. 121:18-22.

7   Objection is made on the grounds that that the deposition testimony lacks foundation, the

8   witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

9   30(b)(6), [see accompanying Objection to John Drew deposition attached], the testimony is

10   mischaracterized and incomplete, as Mr. Drew testified that the manufacturer provided test results

11   that gave Pulte confidence in the product.

12       p. 126:11-16

13   Objection is made on the grounds that the deposition testimony lacks foundation, calls for

14   expert opinion, the witness was not produced as the person most knowledgeable on behalf of

15   Pulte under FRCP 30(b)(6) [see accompanying Objection to John Drew deposition attached],

16   and mischaracterizes the testimony and is solely the opinion of plaintiffs' counsel as used

17   throughout the moving papers.

18       p. 128:19-21:

19   Objection is made on the grounds that the deposition testimony lacks foundation, calls for

20   expert opinion, the witness was not produced as the person most knowledgeable on behalf of

21   Pulte under FRCP 30(b)(6) [see accompanying Objection to John Drew deposition attached],

22   and mischaracterizes the testimony and is solely the opinion of plaintiffs' counsel as used

23   throughout the moving papers.

24       p. 153:20-155:19

25   Objection is made on the grounds that that the deposition testimony lacks foundation,  the

26   witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

27   30(b)(6), [see accompanying Objection to John Drew deposition attached] and the testimony is

28   / / /

5

1   mischaracterized and is solely the opinion of plaintiffs' counsel as used throughout the moving

2   papers.

3        p. 171:5-24

4        Objection is made on the grounds that that the deposition testimony lacks foundation, the

5   witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

6   30(b)(6), [see accompanying Objection to John Drew deposition attached] and the testimony is

7   mischaracterized and is solely the opinion of plaintiffs' counsel as used throughout the moving

8   papers.

9        p. 196:18-25; 197:1, 18-24:

10       Objection is made on the grounds that that the deposition testimony lacks foundation, the

11  witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

12  30(b)(6), [see accompanying Objection to John Drew deposition attached] and the testimony is

13  mischaracterized and is solely the opinion of plaintiffs' counsel as used throughout the moving

14  papers.

15       p. 221:25-222:4.

16       Objection is made on the grounds that that the deposition testimony lacks foundation, the

17  testimony is irrelevant as the plaintiffs' claim does not include an implied or express warranty

18  cause of action, the witness was not produced as a person most knowledgeable on behalf of Pulte

19  under  FRCP 30(b)(6), [see accompanying Objection to John Drew deposition attached].

20       (3)  Exhibit K:   Deposition of Randall Folts dated October 3, 2008.

21       p.13:14-25; 14:1-7:

22       Objection is made on the grounds that that the deposition testimony lacks foundation, the

23  witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

24  30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

25  personal knowledge and assumes facts of Pulte's sales and construction activities with regards to

26  the homes and  cellulose insulation as the witness no longer had direct responsibility for the

27  California market in 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the

28  declaration of Michael Parks.

6

**PULTE HOME CORPORATION'S  OBJECTIONS TO EVIDENCE**

1    p. 20:18-21:

2    Objection is made on the grounds that that the deposition testimony lacks foundation, the

3    witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

4    30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

5    personal knowledge and assumes facts of Pulte's sales and construction activities with regards to

6    the homes and cellulose insulation as the witness no longer had direct responsibility for the

7    California market after 2003 as described by the witness at p. 35:2-4, attached as exhibit K to the

8    declaration of Michael Parks.   The testimony is also incomplete, as Mr. Folts testified "it was up

9    to the divisions to decide if they wanted to use it or not." Line 20-21.   The testimony is

10   mischaracterized and is solely the opinion of plaintiffs' counsel as used throughout the moving

11   papers.

12   p. 33:4-17.

13   Objection is made on the grounds that that the deposition testimony lacks foundation, the

14   witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

15   30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

16   personal knowledge and assumes facts of Pulte's construction activities with regards to

17   cellulose insulation as the witness no longer had direct responsibility for the California market in

18   2003 as described by the witness at p. 35:2-4, attached as exhibit K to the declaration of Michael

19   Parks.

20   p. 35:12-20:

21   Objection is made on the grounds that that the deposition testimony lacks foundation, the

22   witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

23   30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

24   personal knowledge and assumes facts of Pulte's sales and construction activities with regards to

25   the homes and cellulose insulation as the witness no longer had direct responsibility for the

26   California market in 2003 as described by the witness at p. 35:2-4, attached as exhibit K to the

27   declaration of Michael Parks.

28   / / /

7

**PULTE HOME CORPORATION'S OBJECTIONS TO EVIDENCE**

1    p. 36:22-25; 37:1-4:

2    Objection is made on the grounds that that the deposition testimony lacks foundation, the

3    witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

4    30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

5    personal knowledge and assumes facts of Pulte's sales and construction activities with regards to

6    the homes and  cellulose insulation as the witness no longer had direct responsibility for the

7    California market in 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the

8    declaration of Michael Parks.

9    p. 42;4-15:  p. 43:7-15:

10    Objection is made on the grounds that that the deposition testimony lacks foundation, the

11    witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

12    30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

13    personal knowledge and assumes facts of Pulte's sales and construction activities with regards to

14    the homes and  cellulose insulation as the witness no longer had direct responsibility for the

15    California market in 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the

16    declaration of Michael Parks.

17    p. 44:3-17:

18    Objection is made on the grounds that that the deposition testimony lacks foundation, the

19    witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

20    30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

21    personal knowledge and assumes facts of Pulte's construction activities with regards to

22    cellulose insulation as the witness no longer had direct responsibility for the California market

23    in 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the declaration of

24    Michael Parks.   The testimony is mischaracterized and is solely the opinion of plaintiffs' counsel

25    as used throughout the moving papers.

26    p. 45:9-24, 57:11-19, 77:2-21:

27    Objection is made on the grounds that that the deposition testimony lacks foundation, the

28    witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

8

**PULTE HOME CORPORATION'S  OBJECTIONS TO EVIDENCE**

1    30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

2    personal knowledge and assumes facts of Pulte's construction activities with regards to

3    cellulose insulation as the witness no longer had direct responsibility for the California market

4    in 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the declaration of

5    Michael Parks.   The testimony is mischaracterized and is solely the opinion of plaintiffs' counsel

6    as used throughout the moving papers.

7          p. 50:3-9

8          Objection is made on the grounds that that the deposition testimony lacks foundation, the

9    witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

10   30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

11   personal knowledge and assumes facts of Pulte's construction activities with regards to

12   cellulose insulation as the witness no longer had direct responsibility for the California market

13   in 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the declaration of

14   Michael Parks.   The testimony is mischaracterized and is solely the opinion of plaintiffs' counsel

15   as used throughout the moving papers.

16         p. 51:3-22:

17         Objection is made on the grounds that that the deposition testimony lacks foundation, the

18   witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

19   30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

20   personal knowledge and assumes facts of Pulte's construction activities with regards to

21   cellulose insulation as the witness no longer had direct responsibility for the California market

22   in 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the declaration of

23   Michael Parks.   The testimony is mischaracterized and is solely the opinion of plaintiffs' counsel

24   as used throughout the moving papers.

25         p. 53:21-24:

26         Objection is made on the grounds that that the deposition testimony lacks foundation, the

27   witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

28   30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

9

**PULTE HOME CORPORATION'S  OBJECTIONS TO EVIDENCE**

1  personal knowledge and assumes facts of Pulte's construction activities with regards to

2  cellulose insulation as the witness no longer had direct responsibility for the California market

3  in 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the declaration of

4  Michael Parks.   The testimony is mischaracterized and is solely the opinion of plaintiffs' counsel

5  as used throughout the moving papers.

6          p. 57:11-19:

7          Objection is made on the grounds that that the deposition testimony lacks foundation, the

8  witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

9  30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

10  personal knowledge and assumes facts of Pulte's construction activities with regards to

11  cellulose insulation as the witness no longer had direct responsibility for the California market

12  in 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the declaration of

13  Michael Parks.   The testimony is mischaracterized and is solely the opinion of plaintiffs' counsel

14  as used throughout the moving papers.

15          p. 58:12-20:

16          Objection is made on the grounds that that the deposition testimony lacks foundation, the

17  witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

18  30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

19  personal knowledge and assumes facts of Pulte's construction activities with regards to

20  cellulose insulation as the witness no longer had direct responsibility for the California market

21  in 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the declaration of

22  Michael Parks.   The testimony is mischaracterized and is solely the opinion of plaintiffs' counsel

23  as used throughout the moving papers.

24          p. 61:23-25; p.1-2:

25          Objection is made on the grounds that that the deposition testimony lacks foundation, the

26  witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

27  30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

28  personal knowledge and assumes facts of Pulte's construction activities with regards to

10

**PULTE HOME CORPORATION'S  OBJECTIONS TO EVIDENCE**

1  cellulose insulation as the witness no longer had direct responsibility for the California market

2  in 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the declaration of

3  Michael Parks.   The testimony is mischaracterized and is solely the opinion of plaintiffs' counsel

4  as used throughout the moving papers.

5       p. 68:25, p.69:1-3:

6       Objection is made on the grounds that that the deposition testimony lacks foundation, the

7  witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

8  30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

9  personal knowledge and assumes facts of Pulte's construction activities with regards to

10  cellulose insulation as the witness no longer had direct responsibility for the California market

11  in 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the declaration of

12  Michael Parks.   The testimony is mischaracterized and is solely the opinion of plaintiffs' counsel

13  as used throughout the moving papers.

14       p. 73:8-21:

15       Objection is made on the grounds that that the deposition testimony lacks foundation, the

16  witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

17  30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

18  personal knowledge and assumes facts of Pulte's construction activities with regards to

19  cellulose insulation as the witness no longer had direct responsibility for the California market

20  in 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the declaration of

21  Michael Parks.   The testimony is mischaracterized and is solely the opinion of plaintiffs' counsel

22  as used throughout the moving papers.

23       p. 77:2-21:

24       Objection is made on the grounds that that the deposition testimony lacks foundation, the

25  witness was not produced as a person most knowledgeable on behalf of Pulte under FRCP

26  30(b)(6), [see accompanying Objection to Randall Folts deposition attached], the witness lacks

27  personal knowledge and assumes facts of Pulte's construction activities with regards to

28  cellulose insulation as the witness no longer had direct responsibility for the California market

11

**PULTE HOME CORPORATION'S  OBJECTIONS TO EVIDENCE**

1    after 2003 as described by the witness at p. 35:2-4, attached as Exhibit K to the declaration of

2    Michael Parks.   The testimony is mischaracterized and is solely the opinion of plaintiffs' counsel

3    as used throughout the moving papers.

4         (4)     Ex. P  Mike Butolph deposition taken on March 17, 2006 in the wrongful

5    termination case *Grace Lakin v. Pulte Home Corporation.*

6         Objection is made on the grounds that plaintiff failed to disclose the deposition testimony

7    in the plaintiff's initial evidentiary disclosures under FRCP 26(a)(1(A).

8         Without waving the Rule 26 objection, further objection is made on the grounds that the

9    testimony the witness was not produced as the person most knowledgeable on behalf of Pulte

10   under FRCP 30(b)(6).  Testimony is mischaracterized as establish facts not in evidence at p.

11   4:26-27, p.5:1.

12        (5) Ex. Q: Christian Cook Deposition taken on February 2, 2007 in the *Arbitration*

13   *Matter of Kim, Bae, Pak v, Pulte Homes.*

14        Objection is made on the grounds that plaintiff failed to disclose the deposition testimony

15   in the plaintiff's initial evidentiary disclosures under FRCP 26(a)(1(A).

16        Without waiving the Rule 26 objection, further objection is made on the grounds that the

17   transcript is not certified and lacks authentication.  Further objection is raised on the grounds that

18   the witness was not produced as the person most knowledgeable on behalf of Pulte under FRCP

19   30(b)(6).  The testimony lacks foundation and calls for expert opinion under FRE 702.   The

20   testimony is  mischaracterized in the moving papers at pp. 4:24-25, 5:7-12 and  13:13-17.

21

22        (6) Ex. R  Journal of the Air & Waste Management Association Technical Paper

          Objection is made on the grounds that the document is not properly authenticated under

23   FRCP 901, and the additional ground the report is improper opinion testimony that has not

24   soon to be relevant or reliable under FRCP 702.

25

26   Parks Declaration Volume II of II:

27        (7)  Ex. 37 Pulte Performance for Life Brochure

28

1        Objection is made on the grounds that the document is mischaracterized as the document

2    makes no claim as described on p. 13:19-21 of the moving papers.

3        (8)  Ex. 38  Pulte Homes Del Webb Brochure

4        Objection is made on the grounds that the document is mischaracterized as the document

5    makes no claim as described on p. 13:19-21 of the moving papers.

6

7        Defendant Pulte will respectfully request the Court at the hearing on the plaintiffs' motion

    to sustain the above objections and to strike the evidence referred to above.

8

9    DATED:  May 28, 2009              Koeller, Nebeker, Carlson & Haluck, LLP

10

11

12                                      Edward W. Schmitt, Esq.

13                                      Jeffrey M. McConnell, Esq.
                                  Attorneys for Defendant
                                  Pulte Home Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

137596_1.DOC

**PULTE HOME CORPORATION'S  OBJECTIONS TO EVIDENCE**

<u>OBJECTION TO JOHN DREW DEPOSITION</u>

1  Edward W. Schmitt, Esq. (SBN 101330)
   Jeffrey M. McConnell, Esq. (SBN 126059)
2  KOELLER, NEBEKER, CARLSON &
   HALUCK, LLP
3  3 Park Plaza, Suite 1500
   Irvine, CA 92614-8558
4  Phone: 949-864-3400
   Fax: 949-864-9000
5
   Attorneys for Defendant,
6  PULTE HOME CORPORATION, a Michigan
   corporation
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  DANIELLE KINGSBURY, EMILIO         CASE NO. 2:08-cv-00151-AHM-
    SEGURA, PILIEN SEGURA,             JTL
12  individually and on behalf of all others
    similarly situated,
13
                                       Judge:  A. Howard Matz
14          Plaintiff,                  Courtroom: 14

15  v.                                 Referral:  Jennifer T. Lum

16  U.S. GREENFIBER, LLC, a North
    Carolina business entity; PULTE    PULTE HOME
17  HOME CORPORATION, a Michigan       CORPORATION'S OBJECTION
    corporation; QUALITY INTERIORS,    TO DEPOSITION NOTICE OF
18  INC., a California corporation, et al.,   JOHN DREW AND TO
                                       REQUEST TO PRODUCE
19          Defendants.                DOCUMENTS AT TIME OF
                                       DEPOSITION
20

21      TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

22      Pursuant to FRCP 30(b)(2) and 34 (b). Defendant Pulte Home Corporation

23  objects to Plaintiff's Notice of Deposition's Request for Production of Documents

24  to the deponent John Drew on the following grounds.

25  **OBJECTIONS TO NOTICE:**

26      The notice is not a proper deposition notice under FRCP 30 (b)(6) for the

27  deposition of a corporate entity and fails to specify the areas of inquiry upon which

28  the witnesses is asked to provide testimony.

_____1_____
PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE DOCUMENTS AT
TIME OF DEPOSITION

1    The Notice also violates FRCP 30(d)(1) by not limiting the deposition to a period of

2    1 day consisting of 7-hours.

3    **OBJECTIONS TO PRODUCTION OF DOCUMENTS:**

4    OVERBROAD, CUMULATIVE AND UNDULY BURDENSOME TO

5    PRODUCE AT DEPOSITION. Requests 1-15, are not few and simple in scope

6    and content and are not limited Solely and/or closely related to the oral examination

7    sought from the deponent.

8    **REQUEST TO PRODUCE NO. 1:**

9    Any and all DOCUMENTS regarding COCOON INSULATION (herein

10   defined as cellulose insulation manufactured by U.S. Greenfiber);

11   **RESPONSE TO REQUEST NO. 1:**

12   OBJECTION: ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK

13   PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS

14   BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS

15   IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING

16   PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS

17   BURDENSOME MEANS (FRCP 26(B)(2). The request is Overbroad in scope

18   and violates the attorney-client privilege and work product doctrine by seeking

19   communications between the client and counsel as well as the absolute and/or

20   qualified work product of counsel. Plaintiffs have previously propounded an

21   extensive request for production of documents upon Pulte and Pulte has made

22   available at Pulte counsel's office documents obtained to date in response to

23   plaintiff's document request. The information and/or documents requested in the

24   deposition notice have been previously requested therefore the propounding party

25   can obtain the requested information from a more convenient and less burdensome

26   means.

27   **REQUEST TO PRODUCE NO. 2:**

28   Any and all DOCUMENTS regarding Defendant U.S. Greenfiber;

2

**RESPONSE TO REQUEST NO. 2:**

OBJECTION:  ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope and violates the attorney-client privilege and work product doctrine by seeking communications between the client and counsel as well as the absolute and/or qualified work product of counsel.   Plaintiffs have previously propounded an extensive request for production of documents upon Pulte and Pulte has made available at Pulte counsel's office documents obtained to date in response to plaintiff's document request.   The information and/or documents requested in the deposition notice have been previously requested therefore the propounding party can obtain the requested information   from a more convenient and less burdensome means.

**REQUEST TO PRODUCE NO. 3:**

Any and all DOCUMENTS regarding Defendant Quality Interiors, Inc.

**RESPONSE TO REQUEST NO. 3:**

OBJECTION:  ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope and violates the attorney-client privilege and work product doctrine by seeking communications between the client and counsel as well as the absolute and/or qualified work product of counsel.   Plaintiffs have previously propounded an

3

1  extensive request for production of documents upon Pulte and Pulte has made
2  available at Pulte counsel's office documents obtained to date in response to
3  plaintiff's document request.   The information and/or documents requested in the
4  deposition notice have been previously requested therefore the propounding party
5  can obtain the requested information   from a more convenient and less burdensome
6  means.

7  **REQUEST TO PRODUCE NO. 4:**

8      Any and all DOCUMENTS describing, mentioning, discussing and/or
9  connecting mold with COCOON INSULATION.

10  **RESPONSE TO REQUEST NO. 4:**

11      OBJECTION:  ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK
12  PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS
13  BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS
14  IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING
15  PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS
16  BURDENSOME MEANS   (FRCP 26(B)(2).   INADEQUATE DISCRIPTION.
17  The request is Overbroad in scope and violates the attorney-client privilege and
18  work product doctrine by seeking communications between the client and counsel
19  as well as the absolute and/or qualified work product of counsel.  Plaintiffs have
20  previously propounded an extensive request for production of documents upon
21  Pulte and Pulte has made available at Pulte counsel's office documents obtained to
22  date in response to plaintiff's document request.   The information and/or
23  documents requested in the deposition notice have been previously requested
24  therefore the propounding party can obtain the requested information from a more
25  convenient and less burdensome means.  The request also contains an inadequate
26  description of the documents requested and is not reasonably particular be
27  definition.
28  ///

**PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE DOCUMENTS AT
TIME OF DEPOSITION**

**REQUEST TO PRODUCE NO. 5:**

Any and all DOCUMENTS describing, mentioning, discussing, and/or connecting corrosion with COCOON INSULATION.

**RESPONSE TO REQUEST NO. 5:**

OBJECTION: ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS BURDENSOME MEANS (FRCP 26(B)(2). The request is Overbroad in scope and violates the attorney-client privilege and work product doctrine by seeking communications between the client and counsel as well as the absolute and/or qualified work product of counsel. Plaintiffs have previously propounded an extensive request for production of documents upon Pulte and Pulte has made available at Pulte counsel's office documents obtained to date in response to plaintiff's document request. The information and/or documents requested in the deposition notice have been previously requested therefore the propounding party can obtain the requested information from a more convenient and less burdensome means.

**REQUEST TO PRODUCT NO. 6:**

Any and all DOCUMENTS describing, mentioning, discussing and/or connecting water damage with COCOON INSULATION.

**RESPONSE TO REQUEST NO. 6:**

OBJECTION: ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS

121283_1.DOC

1  BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope
2  and violates the attorney-client privilege and work product doctrine by seeking
3  communications between the client and counsel as well as the absolute and/or
4  qualified work product of counsel.   Plaintiffs have previously propounded an
5  extensive request for production of documents upon Pulte and Pulte has made
6  available at Pulte counsel's office documents obtained to date in response to
7  plaintiff's document request.   The information and/or documents requested in the
8  deposition notice have been previously requested therefore the propounding party
9  can obtain the requested information from a more convenient and less burdensome
10  means.

11  **REQUEST TO PRODUCE NO. 7:**

12       Any and all DOCUMENTS that describe, reflect, refer to and/or consist of
13  any complaint with COCOON INSULATION.

14  **RESPONSE TO REQUEST NO. 7:**

15       OBJECTION:   ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK
16  PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS
17  BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS
18  IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING
19  PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS
20  BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope
21  and violates the attorney-client privilege and work product doctrine by seeking
22  communications between the client and counsel as well as the absolute and/or
23  qualified work product of counsel.   Plaintiffs have previously propounded an
24  extensive request for production of documents upon Pulte and Pulte has made
25  available at Pulte counsel's office documents obtained to date in response to
26  plaintiff's document request.   The information and/or documents requested in the
27  deposition notice have been previously requested therefore the propounding party
28  can obtain the requested information   from a more convenient and less burdensome

6

**PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE DOCUMENTS AT
TIME OF DEPOSITION**

1   means.

2   **REQUEST TO PRODUCE NO. 8:**

3       Any and all DOCUMENTS that describe, reflect, refer and/or relate to any

4   correspondence, communication, contract, agreement and/or business relationship

5   between U.S. Greenfiber and Pulte Homes.

6   **RESPONSE TO REQUEST NO. 8:**

7       OBJECTION:   ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK

8   PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS

9   BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS

10   IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING

11   PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS

12   BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope

13   and violates the attorney-client privilege and work product doctrine by seeking

14   communications between the client and counsel as well as the absolute and/or

15   qualified work product of counsel.   Plaintiffs have previously propounded an

16   extensive request for production of documents upon Pulte and Pulte has made

17   available at Pulte counsel's office documents obtained to date in response to

18   plaintiff's document request.   The information and/or documents requested in the

19   deposition notice have been previously requested therefore the propounding party

20   can obtain the requested information   from a more convenient and less burdensome

21   means.

22   **REQUEST TO PRODUCE NO. 9:**

23       Any and all DOCUMENTS that describe, reflect, refer and/or relate to any

24   correspondence, Communication, contract, agreement and/or business relationship

25   between Pulte Homes and Quality Interiors, Inc.;

26   **RESPONSE TO REQUEST NO. 9:**

27       OBJECTION:   ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK

28   PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS

1  BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS
2  IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING
3  PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS
4  BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope
5  and violates the attorney-client privilege and work product doctrine by seeking
6  communications between the client and counsel as well as the absolute and/or
7  qualified work product of counsel.   Plaintiffs have previously propounded an
8  extensive request for production of documents upon Pulte and Pulte has made
9  available at Pulte counsel's office documents obtained to date in response to
10 plaintiff's document request.   The information and/or documents requested in the
11 deposition notice have been previously requested therefore the propounding party
12 can obtain the requested information   from a more convenient and less burdensome
13 means.
14 **REQUEST TO PRODUCE NO. 10:**
15      Any and all DOCUMENTS that describe, reflect, refer and/or relate to U.S.
16 Greenfiber's marketing, sales, manufacturing, advertising, inspection, quality
17 control, warranty, customer service and/or business operations with Pulte Homes in
18 the state of California from November 15, 2001 to the present related to COCOON
19 INSULATION.
20 **RESPONSE TO REQUEST NO. 10:**
21      OBJECTION:  ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK
22 PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS
23 BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS
24 IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING
25 PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS
26 BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope
27 and violates the attorney-client privilege and work product doctrine by seeking
28 communications between the client and counsel as well as the absolute and/or

1  qualified work product of counsel.  Plaintiffs have previously propounded an

2  extensive request for production of documents upon Pulte and Pulte has made

3  available at Pulte counsel's office documents obtained to date in response to

4  plaintiff's document request.   The information and/or documents requested in the

5  deposition notice have been previously requested therefore the propounding party

6  can obtain the requested information   from a more convenient and less burdensome

7  means.

8      **REQUEST TO PRODUCE NO. 11:**

9      Any and all ELECTRONICALLY STORED INFORMATION

10 ("ELECTRONICALLY STORED INFORMATION" means information that is

11 stored in an electronic medium and is retrievable in perceivable form, including but

12 not limited to e-mails, electronic files, electronic folders, electronic documents,

13 instant-messaging chats, Mircosoft Office files, accounting databases, CAD/CAM

14 files, Web sites,) in your custody, control or possession that describes, refers,

15 relates to and/or mentions: a) U.S. Greenfiber; (b) Quality Interiors, Inc. and/or; (c)

16 COCOON INSULATION.

17 **RESPONSE TO REQUEST NO. 11:**

18     OBJECTION:  ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK

19 PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS

20 BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS

21 IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING

22 PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS

23 BURDENSOME MEANS  (FRCP 26(B)(2).  The request is Overbroad in scope

24 and violates the attorney-client privilege and work product doctrine by seeking

25 communications between the client and counsel as well as the absolute and/or

26 qualified work product of counsel.  Plaintiffs have previously propounded an

27 extensive request for production of documents upon Pulte and Pulte has made

28 available at Pulte counsel's office documents obtained to date in response to

9

1  plaintiff's document request.   The information and/or documents requested in the
2  deposition notice have been previously requested therefore the propounding party
3  can obtain the requested information   from a more convenient and less burdensome
4  means.

5  **REQUEST TO PRODUCE NO. 12:**

6       Any and all DOCUMENTS regarding the use, advertising, marketing and/or
7  sale of COCOON INSULATION in the state of California from November 15,
8  2001 to the present.

9  **RESPONSE TO REQUEST NO. 12:**

10       OBJECTION:   ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK
11  PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS
12  BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS
13  IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING
14  PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS
15  BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope
16  and violates the attorney-client privilege and work product doctrine by seeking
17  communications between the client and counsel as well as the absolute and/or
18  qualified work product of counsel.   Plaintiffs have previously propounded an
19  extensive request for production of documents upon Pulte and Pulte has made
20  available at Pulte counsel's office documents obtained to date in response to
21  plaintiff's document request.   The information and/or documents requested in the
22  deposition notice have been previously requested therefore the propounding party
23  can obtain the requested information from a more convenient and less burdensome
24  means.

25  **REQUEST TO PRODUCE NO. 13:**

26       Any and all DOCUMENTS regarding complaints, concerns, defects and/or
27  problems associated with COCOON INSULATION.

28

**RESPONSE TO REQUEST NO. 13:**

OBJECTION: ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS BURDENSOME MEANS (FRCP 26(B)(2). The request is Overbroad in scope and violates the attorney-client privilege and work product doctrine by seeking communications between the client and counsel as well as the absolute and/or qualified work product of counsel. Plaintiffs have previously propounded an extensive request for production of documents upon Pulte and Pulte has made available at Pulte counsel's office documents obtained to date in response to plaintiff's document request. The information and/or documents requested in the deposition notice have been previously requested therefore the propounding party can obtain the requested information from a more convenient and less burdensome means.

**REQUEST TO PRODUCE NO. 14:**

Any and all DOCUMENTS regarding Pulte Homes' purchase, use, design, installation, marketing, advertising, inspection, repair, removal, and/or replacement of COCOON INSULATION in the state of California.

**RESPONSE TO REQUEST NO. 14:**

OBJECTION: ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS BURDENSOME MEANS (FRCP 26(B)(2). The request is Overbroad in scope

11

**PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE DOCUMENTS AT TIME OF DEPOSITION**

1   and violates the attorney-client privilege and work product doctrine by seeking

2   communications between the client and counsel as well as the absolute and/or

3   qualified work product of counsel.    Plaintiffs have previously propounded an

4   extensive request for production of documents upon Pulte and Pulte has made

5   available at Pulte counsel's office documents obtained to date in response to

6   plaintiff's document request.    The information and/or documents requested in the

7   deposition notice have been previously requested therefore the propounding party

8   can obtain the requested information from a more convenient and less burdensome

9   means.

10  **REQUEST TO PRODUCE NO. 15:**

11       Any and all DOCUMENTS that list the location and/or number of homes

12  constructed by Pulte Homes in the state of California with COCOON

13  INSULATION.

14  **RESPONSE TO REQUEST NO. 15:**

15       OBJECTION:    ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK

16  PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS

17  BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS

18  IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING

19  PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS

20  BURDENSOME MEANS  (FRCP 26(B)(2).    The request is Overbroad in scope

21  and violates the attorney-client privilege and work product doctrine by seeking

22  communications between the client and counsel as well as the absolute and/or

23  qualified work product of counsel.    Plaintiffs have previously propounded an

24  extensive request for production of documents upon Pulte and Pulte has made

25  available at Pulte counsel's office documents obtained to date in response to

26  plaintiff's document request.    The information and/or documents requested in the

27  deposition notice have been previously requested therefore the propounding party

28

121283_1.DOC

**PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE DOCUMENTS AT TIME OF DEPOSITION**

1    can obtain the requested information from a more convenient and less burdensome

2    means.

3    DATED: September 3, 2008        KOELLER, NEBEKER, CARLSON & HALUCK, LLP

4

5

6                                 EDWARD W. SCHMITT

7                                 JEFFREY M. McCONNELL
                                  Attorneys for Defendant PULTE HOME

8                                 CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE DOCUMENTS AT TIME OF DEPOSITION**

**PROOF OF SERVICE**
**C.C.P.§§ 1013(a) and 2015.5**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3 Park Plaza, Suite 1500, Irvine, California, 92614-8557.

On September 3, 2008, I served the foregoing document described as **PULTE HOME CORPORATION'S OBJECTION TO DEPOSITION NOTICE OF JOHN DREW AND TO REQUEST TO PRODUCE DOCUMENTS AT TIME OF DEPOSITION** on the parties in this action by placing true copies thereof enclosed in sealed envelopes and addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]    BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U. S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    BY EXPRESS MAIL OR "ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY":  I deposited such envelope in a box or other facility regularly maintained by the express service carrier at Irvine, California.  The envelope was deposited with delivery fees provided for on a fully prepaid basis.

[]    BY FACSIMILE TRANSMISSION:  This document was transmitted by facsimile transmission and such transmission was reported as complete and without error.  The transmission report that was properly issued by the transmitting facsimile machine is attached to the conformed file copy of this document.

Executed on  September 3, 2008, at Irvine, California.

I DECLARE under penalty of perjury under the laws of the State of California that the above is true and correct.  I further declare that I am employed in the office of a member of the bar of this court at whose direction the service as made.

_____
CECILIA MENDOZA

121283_1.DOC

_____14_____

**28**

PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE DOCUMENTS AT
TIME OF DEPOSITION

1

2

## SERVICE LIST
*Kingsbury v. US Greenfiber*

3
Alan I. Schimmel, Esq.
Michael W. Parks, Esq.
**Schimmel & Parks**
4
11601 Wilshire Blvd. #2100
Los Angeles, CA 90025

Phone:  310-479-9797
Fax:  310-479-4407

Attorneys for Plaintiff

5

6
John D. Klinedinst, Esq.
Mark J. Goldsmith, Esq.
**Klindinst PC**
7
777 S. Figueroa Street, Suite 4700
Los Angeles, CA 90017

Phone: 213-607-2115
Fax: 213-607-2116

Attorneys for U.S.
Greenfiber, LLC

8

9
Christopher S. Burnside, Esq.
Frost, Brown, Todd, LLC
400 West Market Street., Suite 3200
10
Louisville, KY 40202

Attorneys for U.S.
Greenfiber, LLC

11
Bret W. Eubank, Esq.
David Plancarte, Esq.
**Stutz Artiano Shinoff & Holtz**
12
41593 Winchester Road, #118
Temecula, CA 92590

Phone: 951-296-9730
Fax: 951-296-9740

Attorneys for Quality
Interiors

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

**29**

**PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE DOCUMENTS AT
TIME OF DEPOSITION**

OBJECTION TO RANDALL FOLTS DEPOSITION

1  Edward W. Schmitt, Esq. (SBN 101330)
   Jeffrey M. McConnell, Esq. (SBN 126059)
2  KOELLER, NEBEKER, CARLSON &
   HALUCK, LLP
3  3 Park Plaza, Suite 1500
   Irvine, CA 92614-8558
4  Phone:  949-864-3400
   Fax:  949-864-9000
5
   Attorneys for Defendant,
6  PULTE HOME CORPORATION, a Michigan
   corporation
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 DANIELLE KINGSBURY, EMILIO          CASE NO. 2:08-cv-00151-AHM-
   SEGURA, PILIEN SEGURA,              JTL
12 individually and on behalf of all others
   similarly situated,
13
              Plaintiff,               Judge:  A. Howard Matz
14                                     Courtroom: 14
   v.
15                                     Referral:  Jennifer T. Lum
   U.S. GREENFIBER, LLC, a North
16 Carolina business entity; PULTE     PULTE HOME
   HOME CORPORATION, a Michigan        CORPORATION'S OBJECTION
17 corporation; QUALITY INTERIORS,     TO DEPOSITION NOTICE OF
   INC., a California corporation, et al., RANDY FOLTZ AND TO
18                                     REQUEST TO PRODUCE
              Defendants.              DOCUMENTS AT TIME OF
19                                     DEPOSITION
20
21 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

22     Pursuant to FRCP 30(b)(2) and 34 (b). Defendant Pulte Home Corporation

23 objects to Plaintiff's Notice of Deposition's Request for Production of Documents

24 to the deponent Randy Foltz on the following grounds.

   **OBJECTIONS TO NOTICE:**
25
26     The notice is not a proper deposition notice under FRCP 30 (b)(6) for the

27 deposition of a corporate entity and fails to specify the areas of inquiry upon which

28 the witnesses is asked to provide testimony.

---

PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE DOCUMENTS AT
TIME OF DEPOSITION

1  The Notice also violates FRCP 30(d)(1) by not limiting the deposition to a period of

2  1 day consisting of 7-hours.

3  **OBJECTIONS TO PRODUCTION OF DOCUMENTS:**

4      OVERBROAD, CUMULATIVE AND UNDULY BURDENSOME TO

5  PRODUCE AT DEPOSITION.  Requests 1-15, are not few and simple in scope

6  and content and are not limited Solely and/or closely related to the oral examination

7  sought from the deponent.

8  **REQUEST TO PRODUCE NO. 1:**

9      Any and all DOCUMENTS regarding COCOON INSULATION (herein

10  defined as cellulose insulation manufactured by U.S. Greenfiber);

11  **RESPONSE TO REQUEST NO. 1:**

12      OBJECTION:  ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK

13  PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS

14  BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS

15  IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING

16  PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS

17  BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope

18  and violates the attorney-client privilege and work product doctrine by seeking

19  communications between the client and counsel as well as the absolute and/or

20  qualified work product of counsel.  Plaintiffs have previously propounded an

21  extensive request for production of documents upon Pulte and Pulte has made

22  available at Pulte counsel's office documents obtained to date in response to

23  plaintiff's document request.   The information and/or documents requested in the

24  deposition notice have been previously requested therefore the propounding party

25  can obtain the requested information from a more convenient and less burdensome

26  means.

27  **REQUEST TO PRODUCE NO. 2:**

28      Any and all DOCUMENTS regarding Defendant U.S. Greenfiber;

2

**RESPONSE TO REQUEST NO. 2:**

OBJECTION: ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS BURDENSOME MEANS (FRCP 26(B)(2). The request is Overbroad in scope and violates the attorney-client privilege and work product doctrine by seeking communications between the client and counsel as well as the absolute and/or qualified work product of counsel. Plaintiffs have previously propounded an extensive request for production of documents upon Pulte and Pulte has made available at Pulte counsel's office documents obtained to date in response to plaintiff's document request. The information and/or documents requested in the deposition notice have been previously requested therefore the propounding party can obtain the requested information from a more convenient and less burdensome means.

**REQUEST TO PRODUCE NO. 3:**

Any and all DOCUMENTS regarding Defendant Quality Interiors, Inc.

**RESPONSE TO REQUEST NO. 3:**

OBJECTION: ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS BURDENSOME MEANS (FRCP 26(B)(2). The request is Overbroad in scope and violates the attorney-client privilege and work product doctrine by seeking communications between the client and counsel as well as the absolute and/or qualified work product of counsel. Plaintiffs have previously propounded an

3

1    extensive request for production of documents upon Pulte and Pulte has made

2    available at Pulte counsel's office documents obtained to date in response to

3    plaintiff's document request.    The information and/or documents requested in the

4    deposition notice have been previously requested therefore the propounding party

5    can obtain the requested information   from a more convenient and less burdensome

6    means.

7    **REQUEST TO PRODUCE NO. 4:**

8        Any and all DOCUMENTS describing, mentioning, discussing and/or

9    connecting mold with COCOON INSULATION.

10   **RESPONSE TO REQUEST NO. 4:**

11       OBJECTION:   ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK

12   PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS

13   BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS

14   IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING

15   PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS

16   BURDENSOME MEANS   (FRCP 26(B)(2).   INADEQUATE DISCRIPTION.

17   The request is Overbroad in scope and violates the attorney-client privilege and

18   work product doctrine by seeking communications between the client and counsel

19   as well as the absolute and/or qualified work product of counsel.  Plaintiffs have

20   previously propounded an extensive request for production of documents upon

21   Pulte and Pulte has made available at Pulte counsel's office documents obtained to

22   date in response to plaintiff's document request.   The information and/or

23   documents requested in the deposition notice have been previously requested

24   therefore the propounding party can obtain the requested information from a more

25   convenient and less burdensome means.  The request also contains an inadequate

26   description of the documents requested and is not reasonably particular be

27   definition.

28   ///

**PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE
DOCUMENTS AT TIME OF DEPOSITION**

**REQUEST TO PRODUCE NO. 5:**

Any and all DOCUMENTS describing, mentioning, discussing, and/or connecting corrosion with COCOON INSULATION.

**RESPONSE TO REQUEST NO. 5:**

OBJECTION: ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS BURDENSOME MEANS (FRCP 26(B)(2). The request is Overbroad in scope and violates the attorney-client privilege and work product doctrine by seeking communications between the client and counsel as well as the absolute and/or qualified work product of counsel. Plaintiffs have previously propounded an extensive request for production of documents upon Pulte and Pulte has made available at Pulte counsel's office documents obtained to date in response to plaintiff's document request. The information and/or documents requested in the deposition notice have been previously requested therefore the propounding party can obtain the requested information from a more convenient and less burdensome means.

**REQUEST TO PRODUCT NO. 6:**

Any and all DOCUMENTS describing, mentioning, discussing and/or connecting water damage with COCOON INSULATION.

**RESPONSE TO REQUEST NO. 6:**

OBJECTION: ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS

5

1    BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope
2    and violates the attorney-client privilege and work product doctrine by seeking
3    communications between the client and counsel as well as the absolute and/or
4    qualified work product of counsel.   Plaintiffs have previously propounded an
5    extensive request for production of documents upon Pulte and Pulte has made
6    available at Pulte counsel's office documents obtained to date in response to
7    plaintiff's document request.   The information and/or documents requested in the
8    deposition notice have been previously requested therefore the propounding party
9    can obtain the requested information from a more convenient and less burdensome
10   means.

11   **REQUEST TO PRODUCE NO. 7:**

12        Any and all DOCUMENTS that describe, reflect, refer to and/or consist of
13   any complaint with COCOON INSULATION.

14   **RESPONSE TO REQUEST NO. 7:**

15        OBJECTION:   ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK
16   PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS
17   BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS
18   IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING
19   PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS
20   BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope
21   and violates the attorney-client privilege and work product doctrine by seeking
22   communications between the client and counsel as well as the absolute and/or
23   qualified work product of counsel.   Plaintiffs have previously propounded an
24   extensive request for production of documents upon Pulte and Pulte has made
25   available at Pulte counsel's office documents obtained to date in response to
26   plaintiff's document request.   The information and/or documents requested in the
27   deposition notice have been previously requested therefore the propounding party
28   ///

1    can obtain the requested information   from a more convenient and less burdensome

2    means.

3    **REQUEST TO PRODUCE NO. 8:**

4        Any and all DOCUMENTS that describe, reflect, refer and/or relate to any

5    correspondence, communication, contract, agreement and/or business relationship

6    between U.S. Greenfiber and Pulte Homes.

7    **RESPONSE TO REQUEST NO. 8:**

8        OBJECTION:   ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK

9    PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS

10   BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS

11   IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING

12   PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS

13   BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope

14   and violates the attorney-client privilege and work product doctrine by seeking

15   communications between the client and counsel as well as the absolute and/or

16   qualified work product of counsel.   Plaintiffs have previously propounded an

17   extensive request for production of documents upon Pulte and Pulte has made

18   available at Pulte counsel's office documents obtained to date in response to

19   plaintiff's document request.   The information and/or documents requested in the

20   deposition notice have been previously requested therefore the propounding party

21   can obtain the requested information   from a more convenient and less burdensome

22   means.

23   **REQUEST TO PRODUCE NO. 9:**

24       Any and all DOCUMENTS that describe, reflect, refer and/or relate to any

25   correspondence, Communication, contract, agreement and/or business relationship

26   between Pulte Homes and Quality Interiors, Inc.;

27   **RESPONSE TO REQUEST NO. 9:**

28       OBJECTION:   ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK

1  PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS
2  BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS
3  IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING
4  PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS
5  BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope
6  and violates the attorney-client privilege and work product doctrine by seeking
7  communications between the client and counsel as well as the absolute and/or
8  qualified work product of counsel.   Plaintiffs have previously propounded an
9  extensive request for production of documents upon Pulte and Pulte has made
10  available at Pulte counsel's office documents obtained to date in response to
11  plaintiff's document request.   The information and/or documents requested in the
12  deposition notice have been previously requested therefore the propounding party
13  can obtain the requested information   from a more convenient and less burdensome
14  means.

15  **REQUEST TO PRODUCE NO. 10:**

16      Any and all DOCUMENTS that describe, reflect, refer and/or relate to U.S.
17  Greenfiber's marketing, sales, manufacturing, advertising, inspection, quality
18  control, warranty, customer service and/or business operations with Pulte Homes in
19  the state of California from November 15, 2001 to the present related to COCOON
20  INSULATION.

21  **RESPONSE TO REQUEST NO. 10:**

22      OBJECTION:  ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK
23  PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS
24  BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS
25  IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING
26  PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS
27  BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope
28  and violates the attorney-client privilege and work product doctrine by seeking

121283_1.DOC

**PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE
DOCUMENTS AT TIME OF DEPOSITION**

1  communications between the client and counsel as well as the absolute and/or

2  qualified work product of counsel.   Plaintiffs have previously propounded an

3  extensive request for production of documents upon Pulte and Pulte has made

4  available at Pulte counsel's office documents obtained to date in response to

5  plaintiff's document request.   The information and/or documents requested in the

6  deposition notice have been previously requested therefore the propounding party

7  can obtain the requested information   from a more convenient and less burdensome

8  means.

9  **REQUEST TO PRODUCE NO. 11:**

10      Any   and   all   ELECTRONICALLY   STORED   INFORMATION

11  ("ELECTRONICALLY STORED INFORMATION" means information that is

12  stored in an electronic medium and is retrievable in perceivable form, including but

13  not limited to e-mails, electronic files, electronic folders, electronic documents,

14  instant-messaging chats, Mircosoft Office files, accounting databases, CAD/CAM

15  files, Web sites,) in your custody, control or possession that describes, refers,

16  relates to and/or mentions: a) U.S. Greenfiber; (b) Quality Interiors, Inc. and/or; (c)

17  COCOON INSULATION.

18  **RESPONSE TO REQUEST NO. 11:**

19      OBJECTION:  ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK

20  PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS

21  BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS

22  IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING

23  PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS

24  BURDENSOME MEANS (FRCP 26(B)(2).   The request is Overbroad in scope

25  and violates the attorney-client privilege and work product doctrine by seeking

26  communications between the client and counsel as well as the absolute and/or

27  qualified work product of counsel.   Plaintiffs have previously propounded an

28  extensive request for production of documents upon Pulte and Pulte has made

9

**PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE
DOCUMENTS AT TIME OF DEPOSITION**

1  available at Pulte counsel's office documents obtained to date in response to

2  plaintiff's document request.   The information and/or documents requested in the

3  deposition notice have been previously requested therefore the propounding party

4  can obtain the requested information   from a more convenient and less burdensome

5  means.

6  **REQUEST TO PRODUCE NO. 12:**

7      Any and all DOCUMENTS regarding the use, advertising, marketing and/or

8  sale of COCOON INSULATION in the state of California from November 15,

9  2001 to the present.

10  **RESPONSE TO REQUEST NO. 12:**

11      OBJECTION:   ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK

12  PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS

13  BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS

14  IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING

15  PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS

16  BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope

17  and violates the attorney-client privilege and work product doctrine by seeking

18  communications between the client and counsel as well as the absolute and/or

19  qualified work product of counsel.   Plaintiffs have previously propounded an

20  extensive request for production of documents upon Pulte and Pulte has made

21  available at Pulte counsel's office documents obtained to date in response to

22  plaintiff's document request.   The information and/or documents requested in the

23  deposition notice have been previously requested therefore the propounding party

24  can obtain the requested information from a more convenient and less burdensome

25  means.

26  **REQUEST TO PRODUCE NO. 13:**

27      Any and all DOCUMENTS regarding complaints, concerns, defects and/or

28  problems associated with COCOON INSULATION.

**PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE
DOCUMENTS AT TIME OF DEPOSITION**

1   **RESPONSE TO REQUEST NO. 13:**

2   OBJECTION:   ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK

3   PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS

4   BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS

5   IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING

6   PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS

7   BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope

8   and violates the attorney-client privilege and work product doctrine by seeking

9   communications between the client and counsel as well as the absolute and/or

10  qualified work product of counsel.   Plaintiffs have previously propounded an

11  extensive request for production of documents upon Pulte and Pulte has made

12  available at Pulte counsel's office documents obtained to date in response to

13  plaintiff's document request.   The information and/or documents requested in the

14  deposition notice have been previously requested therefore the propounding party

15  can obtain the requested information from a more convenient and less burdensome

16  means.

17  **REQUEST TO PRODUCE NO. 14:**

18  Any and all DOCUMENTS regarding Pulte Homes' purchase, use, design,

19  installation, marketing, advertising, inspection, repair, removal, and/or replacement

20  of COCOON INSULATION in the state of California.

21  **RESPONSE TO REQUEST NO. 14:**

22  OBJECTION:   ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK

23  PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS

24  BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS

25  IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING

26  PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS

27  BURDENSOME MEANS  (FRCP 26(B)(2).   The request is Overbroad in scope

28  and violates the attorney-client privilege and work product doctrine by seeking

1   communications between the client and counsel as well as the absolute and/or
2   qualified work product of counsel. Plaintiffs have previously propounded an
3   extensive request for production of documents upon Pulte and Pulte has made
4   available at Pulte counsel's office documents obtained to date in response to
5   plaintiff's document request. The information and/or documents requested in the
6   deposition notice have been previously requested therefore the propounding party
7   can obtain the requested information from a more convenient and less burdensome
8   means.

9   **REQUEST TO PRODUCE NO. 15:**

10  Any and all DOCUMENTS that list the location and/or number of homes
11  constructed by Pulte Homes in the state of California with COCOON
12  INSULATION.

13  **RESPONSE TO REQUEST NO. 15:**

14  OBJECTION: ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK
15  PRODUCT DOCTRINE, OVERBROAD, THE INFORMATION SOUGHT HAS
16  BEEN AVAILABLE FOR REVIEW AND THE REQUEST FOR DOCUMENTS
17  IS UNREASONABLY CUMULATIVE OR DUPLICATIVE AS THE NOTICING
18  PARTY CAN OBTAIN THE INFORMATION BY MORE CONVENIENT, LESS
19  BURDENSOME MEANS (FRCP 26(B)(2). The request is Overbroad in scope
20  and violates the attorney-client privilege and work product doctrine by seeking
21  communications between the client and counsel as well as the absolute and/or
22  qualified work product of counsel. Plaintiffs have previously propounded an
23  extensive request for production of documents upon Pulte and Pulte has made
24  available at Pulte counsel's office documents obtained to date in response to
25  plaintiff's document request. The information and/or documents requested in the
26  deposition notice have been previously requested therefore the propounding party
27  ///
28  ///

121283_1.DOC

**PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE
DOCUMENTS AT TIME OF DEPOSITION**

1 │ can obtain the requested information from a more convenient and less burdensome

2 │ means.

3 │ DATED: October 2, 2008                    KOELLER, NEBEKER, CARLSON & HALUCK, LLP

4

5

6 │                                           EDWARD W. SCHMITT
                                              JEFFREY M. McCONNELL
7 │                                           Attorneys for Defendant PULTE HOME
                                              CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**43**

13

121283_1.DOC

1

**PROOF OF SERVICE**
**C.C.P.§§ 1013(a) and 2015.5**

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

    I am employed in the county of Orange, State of California.  I am over the age of 18 and

4

not a party to the within action; my business address is:  3 Park Plaza, Suite 1500, Irvine, California, 92614-8557.

5

    On October 2, 2008, I served the foregoing document described as **PULTE**

6

**HOME CORPORATION'S OBJECTION TO DEPOSITION NOTICE OF RANDY FOLTZ AND TO REQUEST TO PRODUCE DOCUMENTS AT**

7

**TIME OF DEPOSITION** on the parties in this action by placing true copies thereof enclosed in sealed envelopes and addressed as follows:

8

**SEE ATTACHED SERVICE LIST**

9

10

    [X]    VIA ELECTRONIC MAIL/ U.S. POSTAL MAIL:  I am "readily familiar" with

11

the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U. S. postal service on that same day with postage thereon fully prepaid

12

at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

    [ ]    BY EXPRESS MAIL OR "ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY":  I deposited such envelope in a box or other facility regularly

15

maintained by the express service carrier at Irvine, California.  The envelope was deposited with delivery fees provided for on a fully prepaid basis.

16

    []    BY FACSIMILE TRANSMISSION:  This document was transmitted by facsimile

17

transmission and such transmission was reported as complete and without error.  The transmission report that was properly issued by the transmitting facsimile machine is attached to the conformed file copy of this document.

18

19

    Executed on  October 2, 2008, at Irvine, California.

20

    I DECLARE under penalty of perjury under the laws of the State of California that the above is true and correct.  I further declare that I am employed in the office of a member of the

21

bar of this court at whose direction the service as made.

22

23

_Rhonda Persiani_
RHONDA PERSIANI

24

25

26

27

28

           **44**

1

2

**SERVICE LIST**
*Kingsbury v. US Greenfiber*

3 | Alan I. Schimmel, Esq.
Michael W. Parks, Esq.

Phone: 310-479-9797
Fax:  310-479-4407

Attorneys for Plaintiff

4 | **Schimmel & Parks**
11601 Wilshire Blvd. #2100
Los Angeles, CA 90025

5 | aischimmel@spaattorneys.com
mwparks@spaattorneys.com

6

7 | John D. Klinedinst, Esq.
Mark J. Goldsmith, Esq.

Phone: 213-607-2115
Fax: 213-607-2116

Attorneys for U.S.
Greenfiber, LLC

8 | **Klindinst PC**
777 S. Figueroa Street, Suite 4700
Los Angeles, CA 90017

9 | jklinedinst@klinedinstlaw.com
mgoldsmith@klinedinstlaw.com

10

11 | Christopher S. Burnside, Esq.
Frost, Brown, Todd, LLC

Attorneys for U.S.
Greenfiber, LLC

12 | 400 West Market Street., Suite 3200
Louisville, KY 40202
cburnside@fbtlaw.com

13

14 | Bret W. Eubank, Esq.
David Plancarte, Esq.

Phone: 951-296-9730
Fax: 951-296-9740

Attorneys for Quality
Interiors

15 | **Stutz Artiano Shinoff & Holtz**
41593 Winchester Road, #118
Temecula, CA 92590

16 | beubank@stutzartiano.com
dplancarte@stutzartiano.com

17

18

19

20

21

22

23

24

25

26

27

28

**45**

15

**PULTE HOME CORPORATION'S OBJECTION TO REQUEST TO PRODUCE
DOCUMENTS AT TIME OF DEPOSITION**

**Rhonda Persiani**

| | |
|---|---|
| **From:** | Rhonda Persiani [rhonda.persiani@knchlaw.com] |
| **Sent:** | Thursday, October 02, 2008 2:56 PM |
| **To:** | dcarrillo@klinedinstlaw.com; aischimmel@spattorneys.com; mwparks@spattorneys.com; jklinedinst@klinedinstlaw.com; mgoldsmith@klinedinstlaw.com; cburnside@fbtlaw.com; beubank@stutzartiano.com; dplancarte@stutzartiano.com |
| **Cc:** | jeff.mcconnell@knchlaw.com |
| **Subject:** | Kingsbury v. U.S. Greenfiber, LLC - 860.085 |



Pultes objection to
request to...            ttached for your review in PDF form is Pulte Home Corporation's Objection to
Request to
Produce Documents at Time of Deposition.

Rhonda Persiani
Legal Assistant to
Jeffrey McConnell, Esq.
Koeller, Nebeker, Carlson & Haluck, LLP

1