

Alan I. Schimmel, Esq. SBN 101328
Michael W. Parks, Esq. SBN 154531
aischimmel@spattorneys.com
mwparks@spattorneys.com
SCHIMMEL & PARKS
*A Professional Law Corporation*
11601 Wilshire Blvd., Suite 2100
Los Angeles, California 90025
Telephone: (310) 479-9797
Facsimile: (310) 479-4407

Attorneys for PLAINTIFFS AND
PROPOSED CLASS

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE KINGSBURY, EMILIO SEGURA, PILIEN SEGURA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. GREENFIBER, LLC, a North Carolina business entity; PULTE HOME CORPORATION, a Michigan corporation; QUALITY INTERIORS, INC., a California Corporation; and DOES 1 through 1000, inclusive,<br><br>Defendants. | CASE NO. CV08-151-AHM (JTLx)<br><br>**PLAINTIFFS' RESPONSE TO OSC RE: JURISDICTION**<br><br>Courtroom No. 14<br>312 North Spring Street<br>Los Angeles, California<br><br>Action Filed: 11/15/07 |

PLAINTIFFS' RESPONSE TO OSC RE: JURISDICTION

# TABLE OF CONTENTS

TABLE OF CONTENTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.   THE "LOCAL CONTROVERSY EXCEPTION" UNDER CAFA . . . . . . .  1

III.  THE COURT'S ORDER TO SHOW CAUSE REGARDING THE
      "LOCAL CONTROVERSY EXCEPTION" TO CAFA  . . . . . . . . . . . . . . .  1

      A.    The Role of Quality Interiors, Inc.  . . . . . . . . . . . . . . . . . . . . . . . . .  2

      B.    Principal Injuries Were Incurred In California . . . . . . . . . . . . . . . .  6

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

1

# TABLE OF AUTHORITIES

2

**Federal Cases**

3

*Breuer v. Jim's Concrete of Brevard, Inc.,*
  538 U.S. 691, 123 S. Ct. 1882, 155 L. Ed. 2d 923 (2003) . . . . . . . . . . . . . 1

4

*Kearns v. Ford Motor Co.,*
  2005 U.S. Dist. LEXIS 41614 (C.D.Cal. 2005) . . . . . . . . . . . . . . . . . . . 3, 5

5

*Serrano v. 180 Connect, Inc.,*
  478 F.3d 1018, 1024 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6

7

8

9

**Federal Statutes**

10

28 U.S.C. § 1332(d)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

11

28 U.S.C. § 1332(d)(4)(A)(i)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

12

13

**State Statutes**

14

*California Civil Code section 931* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **I.    INTRODUCTION**

2          As explained herein, considering the ambiguities and legislative history of

3   CAFA, this Court has discretion to keep this action. At this stage of the case, the

4   Court and the parties have invested significant time and effort into precertification

5   discovery and briefing for class certification. This case raises important issues of

6   first impression that are ready to be decided. Interests of judicial economy would

7   also support this Court retaining jurisdiction, particularly given the presumptions

8   in favor of jurisdiction under CAFA and the burden of proof needed to establish

9   the local controversy exception.

10  **II.    THE "LOCAL CONTROVERSY EXCEPTION" UNDER CAFA**

11         The "local controversy" exception  provides that a "district court shall

12  decline to exercise jurisdiction" over a class action in which the plaintiff class and

13  at least one defendant meet certain characteristics that essentially make the case a

14  local controversy. 28 U.S.C. § 1332(d)(4)(A). The "local controversy" exception

15  is an exception to federal jurisdiction under CAFA and once federal jurisdiction

16  has been established, the burden of proof to establish the exception falls on the

17  party objecting to federal jurisdiction. *Breuer v. Jim's Concrete of Brevard, Inc.*,

18  538 U.S. 691, 123 S. Ct. 1882, 155 L. Ed. 2d 923 (2003); *Serrano v. 180 Connect,*

19  *Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

20  **III.  THE COURT'S ORDER TO SHOW CAUSE REGARDING THE**

21        **"LOCAL CONTROVERSY EXCEPTION" TO CAFA**

22         The Court's order to show cause specifically identifies grounds and

23  evidence that support the application of the local controversy exception. Clearly,

24  the discrete class identified by the Court consists of homeowners of homes built

25  and sold by Pulte in California on or after January 1, 2003, and presumably meets

26  the 2/3rds numerosity requirement of state citizenship under 28 U.S.C. §

27  1332(d)(4)(A)(i)(I).

28  *///*

---

1    **A.    The Role of Quality Interiors, Inc.**

2          The focus for determining the local controversy exception under CAFA is

3    on Quality Interiors, Inc., the only California defendant.    To invoke the local

4    controversy exception, Quality Interiors must be a defendant from whom

5    "significant relief" is sought by class members and its conduct must "form a

6    significant basis" for the claims asserted by the proposed Plaintiff class.

7          The terms "significant relief" and "significant basis" are not specifically

8    defined under CAFA.  Quality Interiors, Inc. performed installation on a subset of

9    the overall class of approximately 9,709 homes. Of the total class of Pulte homes,

10   Quality Interiors, Inc. was involved in the installation of the Cocoon insulation in

11   a subclass of approximately 2,000 homes.  (Parks Decl. Mot. For Class Cert., Ex.

12   J, p. 119:4-13.) Approximately 21% of the homes in the proposed class were

13   installed with Cocoon insulation by Quality Interiors, Inc.

14         There is evidence that Quality Interiors, Inc. also played some role in the

15   development of the Pulte Cocoon Implementation Plan.  In 2003, US Greenfiber

16   designed a Cocoon Installation Implementation Plan with Pulte <u>and</u> Quality, at

17   Pulte's request, to institute a standard protocol for Cocoon insulation in Pulte

18   homes built in California.  (Parks Decl Mot. Class Cert., Ex. K, p. 45:9-24,

19   77:2-21; Ex. J, p. 66:2-23; Doc. Ex. "166", "165", "4", "5" [GFPD 4565-4568].)

20   This protocol was mandatory for California divisions using Cocoon insulation.

21   (Parks Decl Mot. Class Cert., Ex. K, p. 73:8-21.)   Quality Interiors, Inc.

22   participated in implementation of the Cocoon Installation Implementation Plan

23   designed by US Greenfiber with Pulte.  (Parks Decl. Mot. Class Cert., Ex. E, p.

24   85:1-5, 86:11-14.)  Pulte selected Quality Interiors to install Cocoon insulation

25   and be part of the US Greenfiber-designed Pulte Implementation Plan.  (Parks

26   Decl. Mot. Class Cert., Ex. E, p. 105:12-22; Ex. K, p. 57:11-19; Doc. Ex. "4", "5".)

27   However, the evidence is that Quality was not *the* primary defendant in designing

28   and implementing the Implementation Plan.

---

PLAINTIFFS' RESPONSE TO OSC RE: JURISDICTION

1    Plaintiff could not find a specific case from the United States Supreme

2    Court or the Ninth Circuit Court of Appeal interpreting the specific meaning of

3    "significant relief" or "significant basis" under the local controversy exception of

4    CAFA.  Looking to the Central District, in one case decided by Judge Feess, the

5    Court concluded that a local auto dealer in a class action against Ford was not a

6    defendant against whom "significant relief" was sought or for which that

7    defendant's actions constituted a "significant basis" for the claims. *Kearns v.*

8    *Ford Motor Co.*, 2005 U.S. Dist. LEXIS 41614 (C.D.Cal. 2005).  The case

9    involved a class action against Ford Motor Company and local dealers.  The local

10   car dealer was accused of being part of a large group of car dealers who worked in

11   concert with Ford to fraudulently mark up the price of used cars through a

12   "certified pre-owned" auto program.

13   Judge Feess concluded that the local car dealer's conduct could not be

14   viewed, standing alone, to form a significant basis of the claims, when the car

15   dealer was part of a *large group* of car dealers.  Moreover, Judge Feess found that

16   by the measure for evaluating "significant relief", "Claremont Ford, which sold

17   cars to only a fraction of the class, would not satisfy this criterion. Therefore,

18   subclause (aa) cannot be read to apply to Claremont Ford or any other local

19   dealer." *Kearns v. Ford Motor Co.*, *supra* 2005 U.S. Dist. LEXIS 41614, at 34

20   Judge Feess noted there was not much guidance from the legislative history

21   for the meaning of "significant relief". *Kearns v. Ford Motor Co.*, *supra* 2005

22   U.S. Dist. LEXIS 41614, at 34.  The Senate Committee report on CAFA gives the

23   following example for interpreting the issue of a "local controversy":

24        A class action is brought in Florida against an out-of-state automobile

25        manufacturer and a few in-state dealers, alleging that a certain vehicle

26        model is unsafe because of an allegedly defective transmission. The

27        vehicle model was sold in all fifty states but the class action is only

28        brought on behalf of Floridians. This case would not fall within the

PLAINTIFFS' RESPONSE TO OSC RE: JURISDICTION

3

1    Local Controversy Exception for two reasons. First, the automobile
2    dealers are not defendants whose alleged conduct forms a significant
3    basis of the claims or from whom significant relief is sought by the
4    class. Even if the plaintiffs are truly seeking relief from the dealers,
5    that relief is just small change compared to what they are seeking
6    from the manufacturer. Moreover, the main allegation is that the
7    vehicles were defective. In product liability cases, the conduct of a
8    retailer such as an automobile dealer does not form a significant basis
9    for the claims of the class members. Second, the case falls outside the
10   Local Controversy Exception because the ''principal injuries
11   resulting from the alleged conduct,''— i.e., selling a vehicle with a
12   defective transmission—were incurred in all fifty states. The fact that
13   the suit was brought as a single-state class action does not mean that
14   the principal injuries were local. In other words, this provision looks
15   at where the principal injuries were suffered by everyone who was
16   affected by the alleged conduct—not just where the proposed class
17   members were injured. Thus, any defendant could remove this case to
18   federal court. S. Rep. No. 109-14 at 40.

19   This example is not particularly helpful for interpreting the application of
20   the "local controversy exception" to the present case because Quality Interiors is
21   not part of a *large group* serving an incrementally small population of consumers.
22   Quality Interiors installed the insulation in a sizeable number of homes (2,000)
23   *and* played some role in the Implementation Plan for Pulte in California.  Pulte
24   also sued US Greenfiber and Quality Interiors for the defective implementation of
25   Cocoon insulation for use in mass produced housing.  (Parks Decl. Mot. Class
26   Cert., Ex. "B".)
27   Judge Feess described the ambiguity of CAFA's local controversy exception
28   succinctly:

1    "As with "significant relief," the term "significant basis" is new in

2    CAFA. Of the 19 Supreme Court and Ninth Circuit (appeals and

3    district court) decisions that use the term, essentially all use it in the

4    sense of "reason," as in the commonly occurring phrases "a

5    significant basis for the court's decision," and "a significant basis for

6    the assertion of jurisdiction." These uses are not terribly helpful in

7    understanding the sense in which the term is used in the statute."

8    *Kearns v. Ford Motor Co.*, *supra* 2005 U.S. Dist. LEXIS 41614, at

9    36.

10    Ultimately, Judge Feess determined to retain jurisdiction under CAFA.  In

11    denying remand based on the "local controversy exception" Judge Feess

12    concluded that

13    "While [Plaintiff] is likely correct that the conduct of dealers as a

14    group forms a significant basis for the claims, this is not true of any

15    single dealer like Claremont Ford.  Its involvement is no different

16    from that of the imagined insurance agent in the Committee Report,

17    who presumably markets the program to clients, accepts and

18    processes their applications, and handles billing. It is Ford, like the

19    insurance company, that promulgates and oversees the overall alleged

20    fraud.  As such, if the Committee Report discounts the insurance

21    agents' conduct as not forming a "significant basis" for the claims of

22    the class members, the definition of that term must similarly exclude

23    the conduct of Claremont Ford and other dealers. Therefore,

24    subclause (bb) cannot be read to apply to Claremont Ford or any other

25    local dealers."

26    *Kearns v. Ford Motor Co.*, *supra* 2005 U.S. Dist. LEXIS 41614, at 37.

27    Based on the evidence, the argument certainly can be made that Quality

28    Interiors, Inc. plays a more significant role in this case than the auto dealer did in

PLAINTIFFS' RESPONSE TO OSC RE: JURISDICTION

5

1  the case before Judge Feess. This case presents a closer call for this Court than the

2  Ford class action did for Judge Feess. However, given the obvious primary

3  involvement of Pulte and US Greenfiber in the claims of the *entire* class, and

4  Quality Interiors' narrower and less primary involvement with the entire class, this

5  Court has discretion to retain jurisdiction.

6         **B.**    **Principal Injuries Were Incurred In California**

7        The claims of the proposed Plaintiff class arise under unique California law

8  and involve remedies under unique California statutes. However, these unique

9  state questions may not be sufficient to divest the Court of jurisdiction given the

10  apparent legislative intent of Congress at the time that it passed CAFA.

11        According to the legislative history of CAFA related to the meaning of

12  "principal injury": "If the defendants engaged in conduct that could be alleged to

13  have injured consumers throughout the country or broadly throughout several

14  states, the case would not qualify for this exception, even if it were brought only

15  as a single-state class action…. In other words, this provision looks at where the

16  principal injuries were suffered by everyone who was affected by the alleged

17  conduct--not just where the proposed class members were injured." S. Rep. No.

18  109-14 at 40-41.

19        This is a single state class action involving a defective component.

20  Generally, a defective component could be alleged to injure consumers throughout

21  the country. What distinguishes this case is the unique statutory regime applicable

22  to the proposed class under California law and the issues of interpretation noted by

23  the Court in footnote 3 of its order and in the parties' briefs. It is clear from the

24  evidence that Pulte's Implementation Plan for Cocoon insulation in mass produced

25  housing extended to Arizona and Nevada, in addition to California. However, the

26  injuries are actionable in California because, *inter alia*, California abrogates the

27  economic loss rule under RORA and contemplates "defective component" class

28  actions under *California Civil Code section 931.* Despite US Greenfiber's

1    removal of a case involving such unique substantive state law issues, these state

2    law issues of first impression would not apparently be a sufficient basis to divest

3    the Court of jurisdiction, at least according to the suggestion of the legislative

4    history of CAFA.

5    **IV.    <u>CONCLUSION</u>**

6    Based on the foregoing analysis of: 1) the "significant relief" and

7    "significant basis" for claims against Quality Interiors, Inc., and; 2) "principal

8    injuries" to the class, and in light of judicial economy, this Court has discretion to

9    maintain jurisdiction.

10

11   DATED: July 29, 2009                    SCHIMMEL & PARKS
                                              *A Professional Law Corporation*

12

13                                  By:

14                                       Alan I. Schimmel
                                         Michael W. Parks
15                                       Attorneys for Plaintiffs DANIELLE
                                         KINGSBURY, EMILIO SEGURA, PILIEN
16                                       SEGURA, individually and on behalf of all
                                         others similarly situated

17

18

19

20

21

22

23

24

25

26

27

28