O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:       Attorneys **NOT** Present for Defendants:

**Proceedings:**       IN CHAMBERS (No Proceedings Held)

On March 30, 2009, this Court denied Plaintiffs' motion for class certification because Plaintiffs failed to allege questions of law or fact common to the class, to show that the claims of the named Plaintiff Emilio Segura were typical of the class, or to show that Segura is an adequate class representative. Plaintiffs also failed to show the predominance of questions common to the class, and the superiority of the class action method to the non-judicial remediation mechanism available under California's "Right of Repair Act," Cal. Civil Code § 895, et seq. ("RORA").[1] Finally, Plaintiffs' proposed class was poorly defined.

Plaintiffs contended, however, that these issues would be resolved by amending their complaint to allege product defect claims under RORA, particularly in light of a California Court of Appeal's recent opinion interpreting that Act. *See Greystone Homes, Inc. v. Midtec, Inc.*, 168 Cal. App. 4th 1194 (Ct. App. 2008). Plaintiffs' second motion for class certification is now before the Court. Here is their description of the proposed class:

> 35.   The Plaintiff RORA class is defined as follows: All persons who currently own residential homes built by Pulte Homes in the state of California and sold as new on or after January 1, 2003, that incorporate Cocoon insulation manufactured by Defendant U.S. Greenfiber (hereinafter the "Plaintiff RORA class").
>
> 36.   Plaintiff sub-class No. 1 is defined as: All persons wherever situated in the

---

[1] This Act is sometimes referred to as the "Right to Repair Act" or "S.B. 800."

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

state of California who currently own residential homes built in the state of California and sold as new on or after January 1, 2003, that incorporate Cocoon insulation by Quality Interiors, Inc. (hereinafter the "Quality Interiors Sub-Class").

FAC ¶¶ 35-36.

After Plaintiffs filed their motion, the California Supreme Court issued an important ruling interpreting California's Unfair Competition Law ("UCL"), and Plaintiffs contend in their Reply brief that this opinion makes their UCL claim for deceptive advertising viable.

On September 10, 2009, this Court circulated a tentative order and held a hearing on Plaintiffs' motion. For the reasons discussed below, the Court DENIES the motion.[2]

## I.     LEGAL BACKGROUND ON CONSTRUCTION DEFECT CLAIMS[3]

Plaintiffs contend that a recent change in California law, the passage of RORA, sets the stage for its second class certification motion. It is therefore worth surveying the legal landscape as it existed before RORA and as the parties contend it exists now.

The heart of this lawsuit is Plaintiffs' allegation that they purchased mass-produced homes containing a type of "cellulose insulation," also known by the brand name "Cocoon insulation," that can cause dangerous and difficult-to-detect mold growth because it retains too much water during and after installation. Plaintiffs' original Complaint alleged claims of negligence, strict liability, and violation of California's Unfair Competition Law ("UCL"), and sought monetary and injunctive relief.

Until recently, it was well settled under California law that "strict liability and negligence do not provide a remedy for defects which have not caused property damage,

---

[2] Docket No. 123.

[3] The parties are familiar with the factual background of this case, and the Court will not repeat it here. For further discussion see this Court's March 30, 2009 Order, Docket No. 112.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

*i.e.*, defects causing only economic damage." *Hicks v. Kaufman & Broad Home Corp.*, 89 Cal. App. 4th 908, 923-24 (Ct. App. 2001) (citations omitted); *see also Aas v. Superior Court*, 24 Cal. 4th 627 (2000) (holding that in actions for negligence in home construction, manufacturer's liability is limited to damages for injury to person or property). In other words, an "inherent" defect in a building component that had not actually caused injury could not give rise to claims for negligence or strict liability. "Accordingly, to recover under these theories of liability each class member would have to come forward and prove specific damage to her home . . . and that such damage was caused by" the allegedly defective insulation, "not some other agent." *Hicks*, 89 Cal. App. 4th. at 924. "Given this need for individualized proof, commonality of facts is lost," and class certification was inappropriate. *Id.* It is for this reason that this Court denied Plaintiffs' first motion for class certification.

Plaintiffs' First Amended Complaint ("FAC") continues to allege claims for negligence, strict liability, and violation of the UCL. But Plaintiffs have added a new claim under RORA, Cal. Civ. Code §§ 895, et seq., a statute that was enacted in 2002, and applies to homes sold after January 1, 2003. Plaintiffs contend that RORA changes the legal landscape dramatically, and indeed, RORA was described by the legislature as "groundbreaking reform for construction defect litigation." *Hicks v. Superior Court*, 8 Cal. Rptr. 3d 703, 712 n.7 (Ct. App. 2004), *superseded by Hicks v. Superior Court*, 13 Cal. Rptr. 300 (2004) (quoting Assem. Com. on Judiciary, Rep. on Sen. Bill No. 800 as amended Aug. 28, 2002.). "[T]he problem of construction defects and associated litigation have vexed the Legislature for a number of years, with substantial consequences for the development of safe and affordable housing. This bill reflects extensive and serious negotiations between builder groups, insurers and the Consumer Attorneys of California, with the substantial assistance of key legislative leaders over the past year, leading to consensus on ways to resolve these issues." *Id.* (citation omitted).

RORA introduced two important innovations: the specification of "comprehensive" building standards, the violation of which could give rise to a lawsuit; and the creation of a pre-litigation remediation procedure meant to keep disputes out of court.

**A.     RORA's Building Standards**

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

As to the first change, RORA supplies an extensive list of building standards that may provide the basis for recovering the cost of repairing any violation of the standards, the cost of repairing damages caused by the repair efforts, the cost of repairing damages resulting from failure to meet the standards, and other related costs. *See* Cal. Civ. Code §§ 896, 942, 944. Although the standards "are intended to address every function or component of a structure[, t]o the extent that a function or component of a structure is not addressed by these standards, it shall be actionable if it causes damage." Cal. Civ. Code § 897. Plaintiffs allege that the insulation installed by Defendants violates several of the § 896 standards, and they seek "a reasonable repair remedy and the costs for repair and related expenses, as well as any and all items of compensatory damages held in common, as provided by Cal. Civil Code § 944 . . . ." FAC ¶ 56.

Central to Plaintiffs' second motion for class certification is their contention that RORA overrides the longstanding rule that tort claims in building construction cases may be brought only for actual damage to property or person. Plaintiffs' contention is supported by a recent California Court of Appeal decision, *Greystone Homes, Inc. v. Midtec, Inc.*, 168 Cal. App. 4th 1194 (Ct. App. 2008). *Greystone* began by noting that in *Aas v. Superior Court, supra*, the California Supreme Court held that homeowners can recover damages only for product defects that actually cause property damage or personal injury. This is known as the "economic loss rule." *Greystone* continued,

> In response to the holding in *Aas*, the Legislature enacted Civil Code section 895 et seq. ("the Right to Repair Act" or "the Act"). The Act establishes a set of building standards pertaining to new residential construction, and provides homeowners with a cause of action against, among others, builders and individual product manufacturers for violation of the standards (§§ 896, 936). The Act makes clear that *upon a showing of violation of an applicable standard, a homeowner may recover economic losses from a builder without having to show that the violation caused property damage or personal injury* (§§ 896, 942). In such an instance, the Act abrogates the economic loss rule, thus legislatively superseding *Aas*.

*Id.* at 1202 (emphasis added); *see also id.* at 1216 ("a primary purpose of the Act is to abrogate the economic loss rule for a violation of the Act's standards").

Plaintiffs thus contend that if the Cocoon insulation violates any of the standards

Case 2:08-cv-00151-DSF-AGR Document 159 Filed 09/14/09 Page 5 of 18 Page ID #:5916

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

enumerated in § 896, they may bring a class action under RORA even if no one in the class has suffered any property damage or personal injury. From this contention they proceed to argue that the vexing issues of commonality and typicality that often stand in the way of construction defect class actions do not exist in this case.

### B.     RORA's Pre-Litigation Procedure

RORA's second major innovation was to establish a non-judicial mechanism to allow builders to repair defects that violate the enumerated building standards, and thereby address homeowners' grievances without resort to costly litigation. *See* Cal. Civ. Code § 910, et seq. These provisions were meant to "respond to concerns expressed by builders and insurers over the costs associated with construction defect litigation" Cal. Sen. Com. on Judiciary, Analysis of Sen. Bill No. 800 (2001-2002 Reg. Sess.) as amended Aug. 28, 2002, p. 1. Defendants assert that the members of the putative class in this action must attempt to secure repairs via this pre-litigation procedure before this Court can certify a class. They also contend that the pre-litigation mechanism is superior to the class action method for adjudicating Plaintiffs' claims.

These two innovations appear to represent a balance between homeowners' and builders' interests. One commentator has observed that RORA's two innovations are meant to have "the dual effect of guiding efficient repairs while imposing strict liability for non-compliance." Darin T. Allen, Construction Defects Litigation and the "Right to Cure" Revolution, *Construction Briefings* (March 2006). The same commentator notes that "right to cure" legislation establishing non-judicial pre-litigation procedures has been adopted by approximately half the states and "has been billed as the construction industry's version of tort reform." But, he notes, California's specification of strict liability standards is unique. *Id.*

Although the foregoing provisions seem fairly straightforward, their application is substantially complicated by other clauses in what turns out to be a very byzantine statute. Unfortunately, very few California courts have published opinions illuminating the provisions at issue here.

## II.    PLAINTIFFS' CLAIM UNDER RORA

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

Plaintiffs' new claim under RORA alleges that the homes purchased by the putative class violate the construction standards set forth in Cal. Civil Code §§ 896 and 897. It is necessary to review this claim in some detail because Defendants' argument that the pre-litigation procedure is mandatory and Plaintiffs' argument that there are common issues turn on the substance of Plaintiffs' allegations.

Cal. Civil Code § 896 sets forth dozens of building construction standards, but Plaintiff's FAC does not actually identify a single one of them. It merely alleges:

> a. Cocoon insulation violates specific details and standards regarding moisture, excessive condensation and the introduction of unintended water into residential dwellings;
>
> b. Cocoon insulation violates standards against interference with the useful life of homes built by Pulte and standards against interference with other building components and features incorporated into Pulte homes, including, but not limited to home performance and occupancy, efficiency, and the condition of other building components found in and around the building cavities where Cocoon insulation is incorporated;
>
> c. Cocoon insulation violates safety and health standards against the introduction of moisture through wall cavities and into residences;
>
> d. Cocoon insulation violates standards against causing defects and damage to Plaintiff SEGURA's home and the homes of other Plaintiff RORA class members [sic] homes and other building components found in their Pulte homes.

FAC ¶ 53.

Plaintiffs' motion papers seeking class certification do mention specific construction standards that Cocoon insulation allegedly violates:

- "Stucco, exterior siding, exterior walls, including, without limitation, exterior framing, and other exterior wall finishes and fixtures and the *systems* of those components and fixtures . . . *shall be <u>installed</u> in such a way so as not to allow*

Case 2:08-cv-00151-DSF-AGR Document 159 Filed 09/14/09 Page 7 of 18 Page ID #:5918

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

*unintended water to pass into the structure or to pass beyond, around, or through the designed or actual moisture barriers of the system, including any internal barriers located within the system itself.* For purposes of this paragraph, 'systems' include, without limitation, framing, substrate, flashings, trim, wall assemblies, and internal wall cavities, if any." Cal. Civ. Code § 896(a)(10) (emphasis added).

- "Stucco, exterior siding, and exterior walls *shall not allow excessive condensation to enter the structure and cause damage to another component.* For purposes of this paragraph, 'systems' include, without limitation, . . . wall assemblies, and internal wall cavities, if any." Cal. Civ. Code § 896(a)(11) (emphasis added).

- "To the extent not otherwise covered by these standards, manufactured products, including, but not limited to, windows, doors, roofs, plumbing products and fixtures, fireplaces, electrical fixtures, HVAC units, countertops, cabinets, paint, and appliances *shall be installed so as not to interfere with the products' useful life, if any*." Cal. Civ. Code § 896(g)(3)(A) (emphasis added).

- "Structures shall be constructed in such a manner so as not to impair the occupants' safety because they *contain public health hazards as determined by a duly authorized public health official*, health agency, or governmental entity having jurisdiction. This paragraph does not limit recovery for any damages caused by a violation of any other paragraph of this section on the grounds that the damages do not constitute a health hazard." Cal. Civ. Code § 896(g)(15) (emphasis added).

Mot. at 11-12.[4]

---

[4] Plaintiffs also note that RORA provides that "[t]o the extent that a function or component of a structure is not addressed by these standards, it shall be actionable if it causes damage." Cal. Civ. Code § 897. But Plaintiffs do not argue that this provision could be the basis for class certification. It is very unlikely that it could be a basis, because this Court has already found that the question of whether the insulation caused damage is not suitable for class certification. At the hearing, Plaintiffs contended that they did assert § 897 as a basis for class certification at pages 11 and 12 of their brief. Page 11 refers to the portion of § 897 that explains that the § 896 standards "are intended to address every function or component of a structure." The Court understands this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

The relevant law and Plaintiffs' claims having been set forth, the Court will now turn to whether the named Plaintiff and members of the putative class must go through the pre-litigation procedures created by RORA before this Court may certify a class.

## III. EXHAUSTION OF REMEDIES UNDER RORA

### A. Applicability of the Prelitigation Procedure to This Action

The parties disagree as to whether named Plaintiff Emilio Segura[5] and the thousands of other putative class members must exhaust their non-judicial remedies under RORA before this Court may consider whether a class should be certified. California Civil Code § 910 provides that "[p]rior to filing an action against any party alleged to have contributed to a violation of the standards set forth in Chapter 2 . . . the claimant *shall* initiate the following prelitigation procedures . . . ." Cal. Civ. Code § 910 (emphasis added). The Act provides that the homeowner must provide notice of the claim to the builder, the notice must contain certain information, and the builder may respond by inspecting the alleged violation and offering to repair it. Cal. Civ. Code §§ 916-18, 921. If the builder fails to respond to the claim or does an inadequate repair, the claimant may then bring an action for violation of the Act's standards. Cal. Civ. Code §§ 915, 920, 927. RORA also provides that the prelitigation notice requirements are not satisfied when a homeowner first seeks redress through any "normal customer service procedure." Cal. Civ. Code § 910(b). The named Plaintiff, Emilio Segura, has not pursued these procedures, and the parties have provided the Court with no information on

---

reference to support an argument for class certification under § 896, not § 897. On page 12, the brief simply states that § 897 is a "'catchall' liability standard." At the hearing, Plaintiffs also argued that claims under § 897 are just as exempt from the economic loss rule as claims under § 896. It is not necessary for the Court to decide that issue now, but it does note that in *Greystone Homes* the California Court of Appeal stated, "[c]onstruction defects that do not violate the standards remain actionable, *subject to the economic loss rule*. (§ 897.)" *Greystone Homes, Inc.*, 168 Cal. App. 4th at 1212 n.9 (emphasis added).

[5] The other named Plaintiffs cannot serve as class representatives for the reasons discussed in the Court's March 30, 2009 Order at p. 4.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

how many of the putative class members have exhausted their non-judicial remedies.

Plaintiffs argue that they are not subject to RORA's prelitigation procedures for three reasons. Their primary argument is based on California Civil Code § 931. The Court rejects their argument, for the following reasons.

Civil Code § 931 states:

> If a claim combines causes of action or damages not covered by this part [*i.e.*, "Real or Immovable Property"], including, without limitation, personal injuries, *class actions*, other statutory remedies, or fraud-based claims, the claimed unmet standards shall be administered according to this part, although evidence of the property in its unrepaired condition may be introduced to support the respective elements of any such cause of action. As to any fraud-based claim, if the fact that the property has been repaired under this chapter is deemed admissible, the trier of fact shall be informed that the repair was not voluntarily accepted by the homeowner. *As to any class action claims that address solely the incorporation of a defective component into a residence, the named and unnamed class members need not comply with this chapter* [*i.e.*, the chapter on prelitigation procedures].

Cal. Civ. Code § 931 (emphasis added). Plaintiffs allege that their RORA claim addresses solely the incorporation of Cocoon Insulation, which it alleges is a defective product. Therefore, they argue, the prelitigation procedures do not apply to them.

Defendants respond that the reference in § 931 to "class action claims that address solely the incorporation of a defective component," refers only to claims seeking recovery for a product defect *other* than those enumerated in § 896. Defendants' argument relies on the *Greystone* court's interpretation of similar language in another RORA provision, § 896(g)(3)(E). Section 896(g)(3)(E) states:

> This title [*i.e.*, RORA] does not apply in any action seeking recovery *solely for a defect* in a manufactured product located *within or adjacent to a structure*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

Cal Civ. Code § 896(g)(3)(E) (emphasis added).[6] The *Greystone* court concluded that the language "any action seeking recovery solely for a defect in a manufactured product" is only "intended to bar actions in which the claimant seeks to recover for a defect in a product that does *not* violate one of the standards set forth in section 896." *Greystone*, 168 Cal. App. 4th at 1222 (emphasis added). *Greystone* did not spell out its reasoning, but its conclusion is sound: if § 896(g)(3)(E) were interpreted so broadly as to include defects that violate the § 896 standards, RORA would have an extremely narrow application. Indeed, much of RORA would be nullified because the majority of RORA's standards concern defective products.[7]

Defendants contend that *Greystone's* interpretation of § 896(g)(3)(E) should be applied to the similar language in § 931. That would compel the conclusion that the last sentence of § 931 should also be interpreted to encompass only claims that do not rely on the § 896 standards. The same statute-saving rationale that applies in *Greystone* applies here: if the last sentence in § 931 were interpreted so broadly as to include class action claims that allege a component violates the § 896 standards, the prelitigation procedures that are RORA's major cost-saving innovation would almost never apply to the most costly type of construction defect lawsuit, the class action.

Plaintiffs object that the arguably narrower language used in § 896(g)(3)(E) ("defect in a manufactured product") versus § 931 ("defective component") shows that the legislature intended to exempt more claims from the prelitigation procedures than claims it intended to exempt altogether from RORA. But even if correct, this assertion is consistent with this Court's reading of § 931 and *Greystone's* reading of § 896(g)(3)(E). Under the above reading of § 931, any claim based on a defect other than those listed in § 896 standard is exempt from the prelitigation procedure. This universe of exempt claims

---

[6] "For purposes of this paragraph, 'manufactured product' means a product that is completely manufactured offsite." Cal. Civ. Code § 896(g)(3)(C).

[7] *E.g.,* "A door shall not allow unintended water to pass beyond, around or through the door . . . . Decks . . . shall not allow water to pass into the adjacent structure. . . . Foundation systems and slabs shall not allow water . . . to enter into the structure . . . . Foundations . . . shall not cause the structure . . . to be structurally unsafe. . . . Electrical systems shall operate properly . . . ." Cal. Civ. Code § 896.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

is larger than those exempted altogether from RORA; the latter group includes defect claims that are both based on something other than § 896 *and* related to manufactured products.

Plaintiffs also object that adopting this reading of § 931 undermines one of the primary objectives of RORA, which was to eliminate the economic loss rule articulated in *Aas*. Not so. The economic loss rule is still abrogated as to claims by individual homeowners.

Finally, Plaintiff notes that the economic loss rule in *Aas* was an impediment to defective component lawsuits that did not cause resulting property damage, and as *Greystone* recognizes, the legislature meant to abrogate *Aas*. But *Aas* was not a class action lawsuit, and Plaintiff has not presented evidence that the legislature sought to promote class actions.[8] *Greystone*, which is the clearest statement of RORA's effect on the economic loss rule, did not involve a class action and did not discuss RORA's effects on class actions.

Apart from § 931, Plaintiffs assert two other grounds for why the prelitigation requirements ought not to apply here even if they apply generally to this type of action. First, Plaintiffs contend that Pulte is estopped from arguing that they apply because it filed its own lawsuit over Cocoon insulation and cannot credibly claim that it does not have notice of Plaintiffs' defect claim. Plaintiffs cite no authority for this assertion, and it is undermined by the fact that RORA specifically requires a homeowner to pursue the prelitigation procedures even if he or she has already informed the builder of problems through "any applicable normal customer service procedure." Cal. Civ. Code § 910. The statute thus makes clear that notice alone does not satisfy the prelitigation requirements.

Second, Plaintiffs argue that Pulte waived enforcement of the prelitigation procedures because it did not file a responsive pleading or motion to stay this action. Plaintiffs rely on Cal. Civil Code § 930(b), which states in relevant part, "If the claimant does not conform with the requirements of this chapter, the builder may bring a motion to

---

[8] The other "evidence" of legislative intent that Defendants filed, such as the letter written by the author of RORA and the declaration of Kathleen F. Carpenter have little persuasive value.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

stay any subsequent court action or other proceeding until the requirements of this chapter have been satisfied." That text, which permits but does not mandate a motion, does not support Plaintiff's waiver argument. Moreover, the language does not tie a court's hands.

In addition to the above analysis, the Court also notes that the § 931 exception to the prelitigation procedures only applies to "class action claims that address *solely* the incorporation of a defective component into a residence."[9] Cal. Civ. Code § 931 (emphasis added). Plaintiffs claims address more than the incorporation of defective components: they also address allegedly false advertising by Pulte.

For the above reasons, the Court concludes that the prelitigation procedure does apply to this action.[10]

### B. Who Must Pursue the Prelitigation Procedures?

Defendants contend that all members of the putative class must exhaust the

---

[9] It is questionable whether any provision of RORA (including the pre-litigation procedure and the abrogation of the economic loss rule) applies to class actions, given that the first sentence of § 931 begins, "If a claim combines *causes of action . . . not covered by this part*, including . . . *class actions* . . . ." Cal. Civ. Code § 931 (emphasis added). At least one commentator has also concluded that RORA does not apply to class actions. *See* Harry D. Miller & Marvin D. Starr, Miller and Starr California Real Estate 3D § 29:2 (2009) ("SB 800 excludes certain types of claims from its scope and from the prelitigation procedure. The prelitigation procedures and SB800 do not apply to claims for fraud, personal injury, class actions, or other statutory remedies." (emphasis in original).)

[10] This is not the first court to come to this conclusion. In *Matalas v. Pulte Homes Corp., et al.*, Case No. VCVVS 043784 ("*Matalas*"), a similar putative class action lawsuit brought by the Plaintiffs' lawyers in this case, the Special Master appointed by the San Bernardino Superior Court stayed the action to allow the prelitigation procedure to go forward, recognizing Pulte's right to make repairs to the home of the named Plaintiff. *See* Pulte Request for Judicial Notice, Ex. E.

Case 2:08-cv-00151-DSF-AGR Document 159 Filed 09/14/09 Page 13 of 18 Page ID #:5924

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

prelitigation procedures, and Plaintiffs contend that no member must do so. But no party addresses the possibility that only the named plaintiff must go through the non-judicial procedures. This omission is surprising given that in *Matalas*, the state court class action raising similar issues, the Special Master required the named plaintiff, and only the named plaintiff, to pursue the procedures.

Federal courts do not take a consistent approach to who must exhaust mandatory non-judicial remedies, but "[w]hen exhaustion of administrative remedies is a precondition for suit, the satisfaction of this requirement by the class plaintiff normally will avoid the necessity for each class member to satisfy this requirement independently." Newberg, et al., *Newberg on Class Actions* § 5:15 (4th ed. 2006). For example, it is settled that in the Title VII context "it is not necessary . . . for all class members to exhaust administrative remedies in order to share in back pay or other relief." *Id.* But "[s]ome courts have held that certain statutes require each individual class member to exhaust administrative remedies, thus precluding a representative class suit." *Id. See, e.g., Lunsford v. United States*, 570 F.2d 221 (8th Cir. 1977) (administrative exhaustion requirement in Federal Tort Claims Act bars class actions).

The Court need not reach this issue now because, as discussed below, it finds that Plaintiff Segura is not an adequate class representative. If Plaintiffs choose to file a renewed motion for class certification after Mr. Segura exhausts the pre-litigation procedure, they should be prepared to address the possibility that RORA requires *all* putative class members to exhaust.

### C. Adequacy of the Putative Class Representative

Federal Rule of Civil Procedure 23(a)(4) provides that a class action may be maintained only if "the representative parties will fairly and adequately protect the interests of the class." Although the "adequacy" prong is typically analyzed in terms of the named plaintiff's conflicts with other class members, courts have recognized that a plaintiff's inability to assert a claim makes him an inadequate class representative. *See, e.g., Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1245-46 (7th Cir. 1983) (affirming district court finding that Title VII plaintiff who failed to file administrative charge was inadequate class representative).

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

Plaintiff Segura has not pursued RORA's mandatory prelitigation requirements, and he is thus not an adequate class representative. The Court therefore denies Plaintiff's motion for class certification, but grants leave to renew such motion if he does comply with that requirement.

## IV. PLAINTIFFS' UCL CLAIM

Plaintiffs' motion for class certification was brought predominantly on the RORA claim, but it also addresses in a very cursory manner the claim under California's Unfair Competition Law ("UCL"), Bus. & Profs. Code § 17200. On the same day that Plaintiffs filed their motion, the California Supreme Court issued its opinion in *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009). Plaintiffs contend in their Reply brief that this opinion makes their claim under the UCL certifiable as a class action.

Plaintiffs' UCL claim is based on three allegations. The first is that Pulte violated RORA's construction standards. FAC ¶ 75. The second is that Pulte used false and deceptive advertising to conceal the risks and dangers of Cocoon insulation from the original purchasers of Pulte homes. FAC ¶¶ 72-73. The third is that Defendants Pulte and U.S. Greenfiber violated express and implied warranties of merchantability and useful life. FAC ¶ 71. Pursuant to these claims, Plaintiffs seek injunctive relief, restitution and disgorgement of profits, and a judicial declaration "for enforcement of a right to repair under RORA." Motion at 18, 21.

In this Court's first order denying class certification, it noted that the class definition was inadequate as to the UCL claim because it included current owners of Pulte-built homes who did not purchase their homes from Pulte and thus have no claim to restitutionary relief under the UCL. The current class definition still includes homeowners who are not original purchasers:

> 35. The Plaintiff RORA class is defined as follows: All persons who currently own residential homes built by Pulte Homes in the state of California and sold as new on or after January 1, 2003, that incorporate Cocoon insulation manufactured by Defendant U.S. Greenfiber (hereinafter the "Plaintiff RORA class").
>
> 36. Plaintiff sub-class No. 1 is defined as: All persons wherever situated in the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

state of California who currently own residential homes built in the state of California and sold as new on or after January 1, 2003, that incorporate Cocoon insulation by Quality Interiors, Inc. (hereinafter the "Quality Interiors Sub-Class").

FAC ¶¶ 35-36. On this basis alone, the Court could not certify this class as to the UCL claims.

It is also doubtful that the remedy sought by Plaintiffs is properly characterized as "restitution" or "disgorgement." What Plaintiffs are really looking for is the cost of repair, which is a form of damages. If Plaintiffs were actually seeking disgorgement of profits wrongfully gained, how could a factfinder even calculate the amount of wrongfully gained profits to disgorge? Plaintiffs do not address this issue.

In addition to these concerns, which apply to all of Plaintiffs' UCL allegations, there are barriers to class certification that are specific to each one.

### A. UCL Claim Based on RORA

If RORA allows a class action claim alleging violations of the construction standards in Cal. Civil Code § 896, the California legislature makes clear it provides the exclusive cause of action. California Civil Code § 943 states, "Except as provided in this title, no other cause of action for a claim covered by this title or for damages recoverable under Section 944 is allowed." Thus, although UCL claims generally can be based upon violations of other statutes, this is not the rule with respect to RORA claims.[11]

---

[11] Plaintiffs argued at the hearing that the UCL claim is not precluded by § 943 because it does not seek "damages." But § 943 also precludes any "cause of action for a claim covered by this title." RORA does provide a repair remedy, and the UCL claim for injunctive or restitutionary relief is thus barred. *See* Cal Civ. Code §§ 917 ("Within 30 days of the initial or, if requested, second inspection or testing, the builder may offer in writing to repair the violation."), 926 ("At the conclusion of the repair, the claimant may proceed with filing an action for violation of the applicable standard or for a claim of inadequate repair, or both, including all applicable damages available under Section 944."). If RORA did not provide for injunctive relief then there would be no reason for § 943 to distinguish between "a claim covered by this title *or* for damages recoverable

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

If RORA does not provide a cause of action for class actions alleging violations of construction standards, then Plaintiffs are in the same position they were in when this Court denied their first motion for class certification. As the Court found then, the highly variable causes of the alleged injuries and damage from Cocoon insulation are not suitable for class certification.

### B. UCL Claim Based on False and Deceptive Advertising

The California Supreme Court recently held that *only* the named Plaintiff in a class action suit must show *actual reliance* on deceptive advertising. *In re Tobacco*, 46 Cal. 4th at 306. "Actual reliance" is evaluated "in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions," but where the "plaintiff alleges exposure to a long-term advertising campaign, the plaintiff is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements." *Id.* at 306, 328. In addition, an inference of reliance arises when there is a showing that a reasonable man would attach importance to a misrepresentation's existence or nonexistence in determining his choice of action. *Id.* at 327.

In this case, Defendants have presented deposition testimony by the named Plaintiff, Mr. Segura that he did not rely on *any* marketing or advertising concerning Cocoon insulation or guarantees regarding mold resistance.[12] Plaintiffs respond to this evidence only with evidence that Segura received materials and assurances generally extolling the quality of Pulte homes. Plaintiffs also present evidence that a Power Point

---

under Section 944."

[12] *See* McConnell Decl., Ex. 1 at 134:11 ("[Question:] Did anybody talk to you about blown cellulose before you actually moved into the house? [Answer:] No, sir. [Question: S]o you had no idea what that meant at the time? [Answer:] No, I didn't sir."); 239:8-11 ("[Question: D]id anyone at Pulte ever talk to you about the Cocoon insulation? [Answer:] No, sir."); 241:17-20 ("[Question: D]uring the – the process of purchasing the home, did anyone ever tell you that the home would be mold- or mildew-free? [Answer:] No, sir. [Question:] Did anyone ever tell you that the home would resist mold? [Answer:] No sir.").

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

presentation was given "for the Apple Valley homeowners that included Mr. Segura, specifically representing" that Pulte homes manage internal moisture. Reply at 28. But there is no evidence that Segura actually attended this meeting, let alone that he actually relied on the few representations made there regarding the insulation. *Cf. In re Tobacco*, 46 Cal. 4th at 307-08, 328 (describing fraudulent course of conduct by tobacco companies that has spanned decades). Plaintiffs have thus failed to meet the threshold requirements of actual reliance set forth in *In re Tobacco*. Any inference of reliance that could be drawn from Pulte's alleged misrepresentations are overcome by the overwhelming evidence that Segura did not rely on any of the statements at issue.

### C. UCL Claim Based on Express and Implied Warranties

As to Plaintiffs' summarily alleged claim based on express and implied warranties by Greenfiber and Pulte, Plaintiffs' class definition includes homeowners who are not in privity with either Greenfiber or Pulte and thus cannot bring a warranty claim against them. *See Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695 (1954) ("The general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale."). It is not even clear to the Court whether Plaintiffs are actually pursuing this claim, as they discussed it only briefly in their Motion, and not at all in their Reply.

### V. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' second motion for class certification.[13]

The parties shall meet and confer and file a joint status report by not later than **September 24, 2009**, not to exceed ten pages, as to their respective proposals for the remaining developments in this case, including the setting of a trial date. They shall also indicate their positions by filling in and attaching the court's "Presumptive Schedule of Pretrial Dates" chart, which was attached to this Court's April 7, 2008 scheduling order (Docket No. 39).

---

[13] Docket No. 123.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-00151 AHM (JTLx) | Date | September 14, 2009 |
|---|---|---|---|
| Title | DANIELLE KINGSBURY, et al. v. U.S. GREENFIBER, LLC, et al. | | |

:

Initials of Preparer       se