John D. Klinedinst, Bar No. 86254
Robert L. Clarkson, Bar No. 102183
Robert J. Hatem, Bar No. 185654
Mark J. Goldsmith, Bar No. 244339
KLINEDINST PC
777 S. Figueroa Street, Suite 4700
Los Angeles, California 90017
(213) 607-2115/FAX (213) 607-2116
jklinedinst@klinedinstlaw.com
rclarkson@klinedinstlaw.com
rhatem@klinedinstlaw.com
mgoldsmith@klinedinstlaw.com

Christopher S. Burnside, *Pro Hac Vice*
Stephen E. Embry, *Pro Hac Vice*
FROST BROWN TODD
400 W. Market St., 32nd Floor
Louisville, KY 40202
(502)568-0253/FAX (502)581-1087
cburnside@fbtlaw.com
sembry@fbtlaw.com

Attorneys for Defendant
**U.S. GREENFIBER, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE KINGSBURY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>U.S. GREENFIBER, LLC, et al.,<br><br>Defendants. | CV08-00151 AHM (JTLx)<br><br>**U.S. GREENFIBER'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF LEAVE TO RENEW THE MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: October 26, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom 14<br><br>Judge: A. Howard Matz<br>Magistrate: Jennifer T. Lum<br>Courtroom: 14 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on October 26, 2009 at 10:00 a.m. in the Courtroom of the Honorable Howard Matz, Judge of the United States District Court, for the Central District of California, located at 312 North Spring Street, Courtroom 14, Los Angeles, California, Defendant U.S. GREENFIBER, LLC, ("Defendant") will move for reconsideration of the Court's September 14, 2009 minute order to the extent that it grants Plaintiff leave to renew the motion for class certification upon compliance with the pre-litigation procedures outlined in California's Right of Repair Act ("RORA").

This motion is based upon the Notice of Motion and Memorandum of Points and Authorities submitted by Defendant, and other oral and documentary evidence as may be presented at the hearing of this matter. This Motion is made pursuant to Local Rules 7-18.

FROST BROWN TODD LLC

DATED: September 21, 2009    By:  /s/Stephen E. Embry
                                   STEPHEN E. EMBRY, *PRO HAC VICE*
                                   CHRISTOPHER S. BURNSIDE, *PRO HAC VICE*

                                   Attorneys For Defendant
                                   **U.S. GREENFIBER, LLC**

KLINEDINST PC

DATED: September 21, 2009    By:  /s/John D. Klinedinst
                                   JOHN D. KLINEDINST
                                   ROBERT L. CLARKSON
                                   ROBERT J. HATEM
                                   MARK J. GOLDSMITH

                                   Attorneys for Defendant
                                   **U.S. GREENFIBER, LLC**

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. NEW MATERIAL FACTS RELATED TO THE RECENT ACTIONS OF PLAINTIFF AND PLAINTIFF'S COUNSEL

The lack of a final order denying Plaintiff's class certification motion has opened the door to procedural abuse by Plaintiff and an unnecessary expansion of potential expense to be borne by Defendants. Less than a week after the hearing on Plaintiff's second motion for class certification and within two days of the Court's written minute order, Plaintiff served Defendants with correspondence purporting to notify all parties of alleged violations of RORA construction standards.[1] In *direct disregard* of the Court's Order and instructions, however, Plaintiff's demand for repair was made not only on his own behalf, but on behalf of all unnamed members of the uncertified class. Plaintiff and his counsel have no authority to represent the legal interests of nearly ten thousand individuals, and their blatant attempt to unilaterally transform this litigation into a class action demonstrates the present need for a final order denying class certification *without* leave to renew.

Moreover, the notice itself defeats the very purpose of RORA's pre-litigation procedures – to encourage the quick and less costly remediation of purported construction defects. Plaintiff demands that Pulte Homes remit the cost to replace the insulation of 9,709 homes, yet the notice identifies no actual defects. Rather, mirroring his two failed motions for certification, Plaintiff simply asserts the unsupported proposition that the incorporated insulation is defective. The notice was clearly served with no intention of complying with the spirit of SB-800, but rather as a required formality before reengaging in litigation and reciting the tired arguments of the second motion for class certification.

Simultaneously, Plaintiff's counsel has alerted the state court adjudicating the *Matalas* action (in which Plaintiff Segura is an unnamed class member) that

---
[1] *See* Exhibit 1 to Declaration of John D. Klinedinst.

1

**U.S. GREENFIBER'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF LEAVE TO RENEW THE MOTION FOR CLASS CERTIFICATION**
CV08-151-AHM(JTLx)

they intend to amend their complaint – presumably to assert the same substantive claims presented in this litigation and to substitute the Matalases in as their class representatives.[2]  Plaintiff's counsel has made clear their intent to pursue an identical and parallel state class action, despite the efforts expended by all in the instant litigation.  Such a disregard for the Court's labors and the waste of judicial resources (both federal and state) cannot be countenanced.  Because Plaintiff has indicated his desire to pursue his grievances in state court, Segura's certification motion should now be denied *without* leave to renew.  The Court need not wait for the filing of another repetitive motion.

The parties and the Court have expended considerable effort and resources in preparing two extensive motions for class certification, and the time is now for a final, determinative order on Plaintiff's request for class certification.  Regardless of the Rule 23 "adequacy" requirement, Plaintiff cannot possibly establish commonality, typicality, predominance of questions common to the class, or superiority of the class action method with respect to his RORA claim.[3]  Thus, even if Plaintiff was somehow able to overcome the adequacy criteria (on which the Court exclusively relied), the unique and individual issues that pervade this action preclude class certification.  Because a potential third motion for class certification *will not and cannot* alter the Court's ultimate denial, Defendant requests that the Court reconsider its order, address the remaining Rule 23 criteria, and deny Plaintiff's motion *without* leave to renew.

Otherwise, and contrary to the express legislative intent of RORA, the parties will be put through lengthy and expensive proceedings associated with yet

---

[2] *See* concurrently filed Request for Judicial Notice.

[3] The Court's March 30, 2009 minute order has already established that Plaintiff cannot meet the Rule 23 requirements for the non-RORA claims asserted in the First Amended Complaint ("FAC").

another attempt at class certification.[4] Given the exhaustive briefing of all pertinent issues and Plaintiff counsel's continued gamesmanship in multiple judicial venues, there is no reason that a final determination on all certification factors should not now be made.

## II. PROCEDURAL HISTORY OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff's motion for class certification had been pending for approximately ten months.[5] On March 30, 2009, the Court held its first hearing on the class certification issue, and after entertaining counsels' oral arguments, Plaintiff's motion was denied. Pursuant to the requirements for certification under Rule 23, the Court's written order thoroughly detailed the deficiencies of Plaintiff's motion. *See* Mar. 30, 2009 Minute Order (Doc. 112). Among other shortcomings, the Court concluded that Plaintiff failed to satisfy the elements of commonality and typicality.

Although the Court determined that Plaintiff failed to establish the required elements for class certification, the March 2009 order denied the motion with *limited* leave to amend the complaint to plead a claim under RORA. *See Id*. The Court's order made clear that it was granting leave *solely* to address the unexplored issues raised regarding statutory requirements under RORA. In light of the voluminous briefing provided by both parties and the depth of analysis contained within the March 30th order itself, the Court stated that Plaintiff should carefully

---

[4] Plaintiff's counsel has already taken steps to assert the representation of a class of individuals for purposes of RORA pre-litigation procedures and notice, despite the fact that Segura has been held to be an inadequate representative. *See* Klinedinst Declaration.

[5] As previously noted by Defendant Pulte Homes, Plaintiff is presently pursuing a parallel and virtually identical state action – *Kearl v. Pulte Home Corporation*. The *Kearl* action has been stayed pending the outcome of the Kingsbury class determination. Although labeled "the construction defect case," *Kearl* – which includes claims related to insulation – seeks redress for the same injury as *Kingsbury*: property damage. Thus, the inevitable and ultimate denial of the instant class certification motion will have no effect on Plaintiff's ability to pursue his insulation claims in state court. In fact, the Court stated that "Segura will have significantly less interest in this case," noting the "significant overlap between the claims in that case and this one." *See* March 30, 2009 Minute Order, pg. 9 (Document 112).

3

**U.S. GREENFIBER'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF LEAVE TO RENEW THE MOTION FOR CLASS CERTIFICATION**
CV08-151-AHM(JTLx)

consider the Court's detailed analysis in any subsequent motion for class certification.

In response to the March 30th order, Plaintiff filed an amended complaint, Defendants answered, and a *second* motion for class certification was filed. On September 10th, the Court again heard oral argument on Plaintiff's motion for class certification. And again, the Court denied Plaintiff's motion. Specifically, the Court concluded that Plaintiff was not an adequate class representative due to his failure to comply with RORA's applicable pre-litigation procedures. Unlike the March Order, however, the September Order left unresolved the remaining Rule 23 factors – commonality, typicality, predomination of common issues of law and fact, superiority, manageability.

The motion was fully briefed on all relevant issues and submitted to the Court for determination. By hinging its ruling on only one prong of Rule 23, however, the Court has set the stage for Plaintiff's inevitable renewal of the very motion that has twice been denied. There are no pending issues, and no additional information is needed to make a determination under *all* Rule 23 criteria.

## III. <u>STANDARD FOR MOTION FOR RECONSIDERATION</u>

Pursuant to Local Rule 7-18 of the Central District of California, a motion for reconsideration of a decision of any motion may be on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
>
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

### A. <u>The Court's Recent Decision to Grant Leave to Renew the Class Certification Motion.</u>

Until the service of the Court's September 14th minute order, Defendant did

not know, and could not have known, that the Court (a) would base its denial only on Plaintiff's failure to adequately represent the purported class; and (b) would grant Plaintiff further leave to renew the motion for class certification.[6] These two *new* facts raise additional, yet related and required, analyses pursuant to Rule 23. Specifically, the Federal Rules of Civil Procedure mandate that:

> At an ***early practicable time*** after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.

F.R.C.P., 23(c)(1)(A) (emphasis added). A final, determinative order is practicable <u>*now*</u> because these issues have been fully briefed, and (for all the reasons set forth in Defendant's opposition papers) Plaintiff's remaining class action deficiencies, such as a lack of typicality and commonality, cannot possibly be cured, even if Plaintiff is able to satisfy "adequacy of representation." Therefore, waiting for a third iteration of the class certification motion to make a definitive order is unnecessary and *im*practicable.

### B. Confirmation of Plaintiff's Intention to Reassert the Substance of the Second Class Certification Motion.

Plaintiff himself has also presented new material facts that require the attention and consideration of the Court. As set forth above, on the afternoon of September 16th, Plaintiff's counsel served a nine-page written notice of alleged RORA violations, nearly all of which are couched in language virtually identical to those cited by Plaintiff in his failed motions for class certification.

Furthermore, the notice purports to be on behalf of *all* unnamed class members, which (a) flatly ignores the Court's conclusion that, by definition, Plaintiff is not an adequate representative for these unnamed members; and (b) conveniently skirts the court-raised issue of which members must exhaust RORA's

---

[6] The hearing on Plaintiff's second motion for class certification was held on September 10, 2009.

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

pre-litigation procedures.  Plaintiff's improper notice (coupled with the implicit representation that the Matalas claim will be amended to mirror the claims in this action, and the suggestion that the Matalases may be substituted as the class representatives) demonstrates that, without a determinative order from the Court, Defendants will continue to be subject to Plaintiff's maneuvers and must bear the unnecessary costs associated with defending against such ploys.[7]  Indeed, such tactics demonstrate the mischief that may occur without further guidance from the Court and the evaluation all Rule 23 standards.

Lastly, Plaintiff's notice also demonstrates that he is approaching RORA's pre-litigation procedures as a mere formality, disregarding the procedural and substantive concerns raised by the Court's September 14th order.  Plaintiff's actions underscore the futility of further briefing and confirm that a renewed class certification motion will merely reargue the positions asserted in the second version.  *Now* is the time for a definitive order denying the instant motion *without* leave to renew.

## IV. REGARDLESS OF RULE 23'S ADEQUACY REQUIREMENT, PLAINTIFF CANNOT POSSIBLY ESTABLISH TYPICALITY OR COMMONALITY

Even if Plaintiff's recent notice complies with the requisite pre-litigation procedures, a third version of the motion for class certification will simply regurgitate the failed arguments of the second.  Namely, Plaintiff will again be *unable* to fit his allegations into a specific Section 896 construction standard.  *See* Oppo. Papers, Section III.B.; Sept. 14, 2009 Minute Order, pg. 6-7 (Doc. 159).  Likewise, the "catch all" provision of Section 897 will subject Plaintiff to the economic loss rule, which entails a class-certification-defeating assessment of

---

[7] Moreover, the notice raises the question of how Plaintiff's counsel was able to obtain authority to represent the legal interests of more than 9,700 individuals within a matter of forty-eight hours. To the extent that Plaintiff's counsel has not been authorized to represent the legal interests of 9,709 class members, these improper tactics cannot be employed to rectify Rule 23 deficiencies.

actual damages. *See* Oppo. Papers, Section III.B.; Sept. 14, 2009 Minute Order, pg. 7-8 fn. 4 (Doc. 159); *see also* Mar. 30, 2009 Minute Order (Doc. 112). The FAC's claims either fall outside the scope of RORA, or they are subject to an individualized examination and demonstration of damages under the economic loss rule. Class certification is and will remain inappropriate, and a third motion is unneeded to make this determination.

The facts will not change; Plaintiff's burden will not change; the Rule 23 analysis will not change; and thus, the denial of Plaintiff's motion will not change. For all practicable purposes, permitting Plaintiff a *third* bite at the class-certification apple will only delay the inevitable. Because a renewal of the motion at some later date will not add anything to the analysis, the Court should undertake a full Rule 23 evaluation (commonality, typicality, predomination of common issues of law and fact, superiority, manageability) of the instant motion. Based upon Plaintiff's complete lack of evidence of any Section-896 violation and Section 897's maintenance of the economic loss rule, this motion (like any future motion) cannot survive Rule 23 scrutiny.

## V. PLAINTIFF'S MAINTENANCE OF THE NON-RORA CLAIMS PROHIBITS CLASS CERTIFICATION AS OUTLINED BY THE COURT'S MARCH 30TH ORDER

With regard to the complaint's non-RORA claims, the Court provided a comprehensive analysis of Plaintiff's failure to meet Rule 23's requirements for class certification. As repeated throughout these papers, the Court's March 30th order granted Plaintiff *limited* leave to amend the complaint to assert a cause of action under RORA. *See* Mar. 30, 2009 Minute Order (Doc. 112). The inclusion of this new claim, however, did (and will do) nothing to remedy the class certification deficiencies associated with Plaintiff's allegations of negligence, strict liability, and violation of California Business & Professions Code section 17200. These independent causes of action remain in the FAC, and they prohibit class

1  certification, separate and apart from any future RORA allegations that may be
2  added to Plaintiff's pleading.  In other words, even if Plaintiff is able to adequately
3  plead his RORA claim *and* if that RORA claim somehow satisfies the
4  requirements of Rule 23, Plaintiff's non-RORA claims would still prohibit class
5  certification for all the reasons provided in the March 30th order.[8]  Pursuing
6  piecemeal claims, some as a class and others as an individual, is not the superior
7  method for this litigation.

## VI. CONCLUSION

The instant case has lingered in this Court since its initial removal in January of 2008.  Although the Court previously determined that Plaintiff failed to meet Rule 23 requirements, Plaintiff was afforded the opportunity to supplement his claims with the narrow issue of RORA.  In response to Plaintiff's second class certification motion, however, the Court did not undertake a complete Rule 23 analysis.  As demonstrated by both the moving and opposition papers, Plaintiff cannot establish the essential elements of commonality or typicality.  And more importantly, a third attempt to certify the class will not present any basis for certification different from that now before the Court.  No issues have been left unexplored by the parties; no factual findings will alter the Rule 23 analysis; and thus, no further motion should be allowed.

///
///
///
///
///
///

---

[8] The *only* way Plaintiff could succeed on a third attempt to certify the proposed class would be (a) to sufficiently plead a claim under RORA; (b) to satisfy the requirements of Rule 23 with respect to the RORA claim; and (c) to dismiss the non-RORA claims for relief from the complaint.

8

**U.S. GREENFIBER'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF LEAVE TO RENEW THE MOTION FOR CLASS CERTIFICATION**
CV08-151-AHM(JTLx)

1  Based on the foregoing, Defendant respectfully requests reconsideration of
2  the Court's order granting leave to renew the motion for class certification.

FROST BROWN TODD LLC

DATED: September 21, 2009    By:    /s/Stephen E. Embry
                                    STEPHEN E. EMBRY, *PRO HAC VICE*
                                    CHRISTOPHER S. BURNSIDE, *PRO HAC VICE*

                                    Attorneys For Defendant
                                    **U.S. GREENFIBER, LLC**

KLINEDINST PC

DATED: September 21, 2009    By:    /s/John D. Klinedinst
                                    JOHN D. KLINEDINST
                                    ROBERT L. CLARKSON
                                    ROBERT J. HATEM
                                    MARK J. GOLDSMITH

                                    Attorneys for Defendant
                                    **U.S. GREENFIBER, LLC**