John D. Klinedinst, Bar No. 86254
Robert L. Clarkson, Bar No. 102183
Robert J. Hatem, Bar No. 185654
Mark J. Goldsmith, Bar No. 244339
KLINEDINST PC
777 S. Figueroa St., 47th Floor
Los Angeles, California 90017
(213) 607-2115/FAX (213) 607-2116
jklinedinst@klinedinstlaw.com
rclarkson@klinedinstlaw.com
rhatem@klinedinstlaw.com
mgoldsmith@klinedinstlaw.com

Stephen E. Embry, Pro Hac Vice
Christopher S. Burnside, Pro Hac Vice
FROST BROWN TODD LLC
400 W. Market Street, 32nd Floor
Louisville, KY 40202
(502) 568-0253/FAX (502) 581-1087
sembry@fbtlaw.com
cburnside@fbtlaw.com

Attorneys for Defendant
U.S. GREENFIBER, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIELLE KINGSBURY, et al.,, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. GREENFIBER, LLC, et al.,, <br><br> Defendants. | CV08-00151 AHM (JTLx) <br><br> **DECLARATION OF JOHN D. KLINEDINST IN SUPPORT OF DEFENDANT U.S. GREENFIBER'S MOTION FOR RECONSIDERATION** <br><br> Date:      October 26, 2009 <br> Time:      10:00 a.m. <br> Place:      Courtroom 14 <br><br> Judge:      A. Howard Matz <br> Magistrate:   Jennifer T. Lum <br> Trial Date:   None set |

I, John D. Klinedinst, declare:

1. I am an attorney admitted to practice before this Court and am the Chief Executive Officer of the firm Klinedinst PC, attorneys of record for Defendant U.S. GREENFIBER, LLC (hereinafter "GREENFIBER"). As such, I have personal knowledge of the facts set forth in this declaration and, if called as a

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

- 1 -

Declaration of John D. Klinedinst in Support of Deft. U.S. Greenfiber's Motion for Reconsideration
CV-08-151 AHM (JTLx)

witness, I could and would competently testify to such facts.

2.    Attached as Exhibit "A" to this Declaration is a true and correct copy of the Correspondence served on Defendant Greenfiber from Plaintiff's counsel, Schimmel & Parks, dated September 16, 2009.

I declare the foregoing under penalty of perjury under the laws of the United States of America.

Executed this 21st day of September, 2009 at Los Angeles, California.


/s/ John D. Klinedinst
John D. Klinedinst, Esq.

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

**Exhibit A**
**(Decl. JDK support of Mot. Recon.)**

Sep 16 2009 2:55PM   Schimmel & Parks APLC      310-479-4407        P.2



76a-1003

Alan I. Schimmel*
Michael W. Parks

Brian A. Carness

*Member California and Nevada Bar

September 16, 2009

**VIA FACSIMILE AND CERTIFIED MAIL**

Pulte Homes, Inc.
c/o CT Corporation
818 West Seventh Street
Los Angeles, CA 90017

Edward W. Schmidt, Esq.
Jeffrey McConnell, Esq.
Koeller, Nebeker, Carlson & Haluck, LLP
Jamboree Center
3 Park Plaza Ste 1500
Irvine, CA 92614-8558

Bret W. Eubank, Esq.
David Plancarte, Esq.
STUTZ, ARTIANO, SHINOFF & HOLTZ
41593 Winchester Road, Suite 118
Temecula, CA 92590

John Klinedinst, Esq.
Klinedinst PC
777 S. Figueroa Street, 47th Floor
Los Angeles, CA 90017

Stephen Embry, Esq.
FROST BROWN TODD
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363

Re:  **Kingsbury v. U.S. Greenfiber (Class Action)**
     USDC Case No.:  :    2:08-CV-00151
     Our File No.     :    2007-1025

Dear Counsel and Builder:

In light of the Court's order of September 14, 2009, this letter shall serve to confirm formal written notice of violations of the standards set forth in Chapter 2 of RORA for the Cocoon Insulation located in wall cavities of the Segura home and all similarly situated homes built in California by Pulte homes from January 1, 2003 to the present. Notice of this defective component is provided pursuant to California Civil Code § 910 on behalf of Mr. Segura and all other similarly situated Pulte homeowners in California whose wall cavities contain Cocoon Insulation.

11601 Wilshire Boulevard, Suite 2100 Los Angeles, California 90025
Telephone: 310.479.9797  Facsimile: 310.479.4407  Website: www.spattorneys.com

4

All Counsel and Builder
Re:    <u>Kingsbury v. U.S. Green fiber (Class Action)</u>
September 16, 2009
Page 2

  This correspondence is written without waiver of the claim that prior written notice was provided to Pulte by Segura pursuant to California Civil Code §910 by correspondence dated December 6, 2007.  This correspondence is also written without waiver of the claim that prior written notice of defective Cocoon Insulation in wall cavities of homes built by Pulte was provided to Pulte on behalf of all similarly situated persons in the state of California.  Pre-litigation notice procedures have been complied with by Segura with and/or waived by Pulte.[1]  Additionally, this correspondence is written without waiver of our claim that the Cocoon Insulation defect is exempt from prelitigation procedure under *Civil Code §931*.  The time limits and obligations are strictly construed against the builder.  California Civil Code §930(a).

  The Segura home is located at 10805 Tonyon Court, Apple Valley, California.  Mr. Segura is the original purchaser of the home.  The preferred method of contact shall be by mail to this office as legal counsel for Mr. Segura.  Additionally, there is a proposed class of 9,709 homes located in California that contain Cocoon Insulation as a defective component in wall cavities in violation of applicable standards discussed below.

  All of the homes are identified in the documents contained in the document depository set up by Pulte in this action.  A specific description of the homes built by Pulte that incorporate Cocoon Insulation is attached to this correspondence.  This description apprises you of the location of the group of 9,709 homeowners to which this notice applies, pursuant to *California Civil Code §910(a)*.  Cocoon Insulation is located in

---

  [1]A homeowner is entitled to file civil action if a builder: a. Fails to make a repair offer; b. Fails to "otherwise strictly comply" with the chapter within specified time limits; or c. Fails to complete repairs in the time or manner specified. California Civil Code §920.  Additionally, a homeowner is released from prelitigation procedure if the builder: (1) Fails to timely acknowledge receipt of the homeowners claim (California Civil Code §915); (2) Elects not to pursue the process (California Civil Code §915); (3) Fails to request inspection within the required time, or at conclusion of the prelitigation procedure (California Civil Code §915); (4) Fails to inspect property within the specified time requirements (California Civil Code §916(d)); (5) Fails to finish repair within the time specified (California Civil Code §925); (6) Fails to comply with the requirements of the "chapter." (California Civil Code §930(a)); or (7) Fails to provide documents and perform other duties (California Civil Code §912).  Named and unnamed class members are also exempt from prelitigation procedure regarding a sole defective component claim under *Civil Code §931*.

All Counsel and Builder
Re:    <u>Kingsbury v. U.S. Green fiber (Class Action)</u>
September 16, 2009
Page 3

wall cavities, including bathroom and kitchen wall assemblies, of each of these identified homes.

As you know, the Cocoon Insulation is *hidden* inside wall cavities and covered by drywall and other finishes. In its boilerplate, standard form purchase agreement, Pulte also defines "components" to mean, *inter alia*, "interior and exterior walls." (Purchase Agreement, p. 32, ¶1.2.) The lawsuit and notice to you is solely for the defective component of Cocoon Insulation in the wall cavities.

In its lawsuit filed in Riverside County Superior Court, Pulte stated that "in connection with the manufacturing, providing, supplying, selling, testing, inspecting, delivering and distribution of the Greenfiber Cellulose Insulation and installation specifications and protocol, the Greenfiber Cellulose installation specifications and protocol provided to Pulte were inadequate and/or improper for the installation of the Greenfiber Cellulose insulation at the kitchen and bathroom assemblies" on Pulte-built homes. This correspondence will serve to provide notice on behalf of the Seguras and all unnamed class members whose homes are sufficiently described above.

On behalf of the Seguras and all similarly situated owners of Pulte homes built on or after January 1, 2003 in the state of California that incorporate Cocoon Insulation as a component, the Seguras allege the following claimed violations pursuant to RORA to the extent known. The nature and location of the violations can be found in the wall cavities of Mr. Segura's home and the 9,709 Pulte homes built and sold in California on or after January 1, 2003, that contain Cocoon Insulation.

1.    <u>Civil Code §897</u>

The incorporation of Cocoon Insulation as a component in wall cavities violates California Civil Code §897. This provision is the catchall provision of RORA: "The standards set forth in this chapter are intended to address every function or component of a structure. To the extent that a function or component of a structure is not addressed by these standards, it shall be actionable if it causes damage."

Cocoon Insulation causes damage according to *California Civil Code §§897* and *942* because, as alleged by Pulte in its lawsuit against Greenfiber, "in connection with the manufacturing, providing, supplying, selling, testing, inspecting, delivering and distribution of the Greenfiber Cellulose Insulation and installation specifications and protocol, the Greenfiber Cellulose installation specifications and protocol provided to Pulte were inadequate and/or improper for the installation of the Greenfiber Cellulose

All Counsel and Builder
Re:    <u>Kingsbury v. U.S. Green fiber (Class Action)</u>
September 16, 2009
Page 4

insulation at the kitchen and bathroom assemblies . . ." Cocoon insulation causes economic loss and resulting property damage. As a named class member, Mr. Segura has specifically suffered physical injury to his tangible property and economic loss to his home. Similarly, the proposed class has suffered economic loss and physical injury to tangible property.

Homeowners have lost the benefit of the bargain in having Cocoon Insulation, rather than batt/fiberglass insulation, installed in their homes. Cocoon Insulation is defective. Pulte admits it's defective. Pulte switched to fiberglass batt insulation and banned Cocoon insulation because Pulte concluded it wasn't getting "perceived economic value from the customer". Cocoon Insulation is inadequate and poor at managing moisture as a component of wall assemblies. It is highly hygroscopic. It introduces moisture into living spaces in a manner that violates construction standards. If Cocoon Insulation is re-wetted, it loses integrity. Cocoon's presence as a wet-installed component required Pulte to close up wall cavities with added moisture and avoid vapor barriers that would lock in moisture and condensation moving through wall cavities. Pulte admits that this component was inadequate for mass produced housing. The Segura home and all other homes have suffered resulting damage. The repair of wall cavities with Cocoon Insulation also causes damage to other components.

2.    <u>Civil Code §896(g)(3)(A)</u>

Civil Code §896(g)(3)(A) states:

> To the extent not otherwise covered by these standards, manufactured products, including, but not limited to, windows, doors, roofs, plumbing products and fixtures, fireplaces, electrical fixtures, HVAC units, countertops, cabinets, paint, and appliances shall be installed so as not to interfere with the products' useful life, if any.

"Manufactured product" means a product that is completely manufactured offsite. Cocoon Insulation is manufactured by US Greenfiber and delivered in bags to construction sites. The inherent defective quality of Cocoon Insulation was identified by Pulte in its lawsuit against US Greenfiber. "in connection with the manufacturing, providing, supplying, selling, testing, inspecting, delivering and distribution of the Greenfiber Cellulose Insulation and installation specifications and protocol, the Greenfiber Cellulose installation specifications and protocol provided to Pulte were inadequate and/or improper for the installation of the Greenfiber Cellulose insulation at the kitchen and bathroom assemblies . . ." The incorporation of Cocoon Insulation as

All Counsel and Builder
Re:    <u>Kingsbury v. U.S. Green fiber (Class Action)</u>
September 16, 2009
Page 5

a product into wall cavities of Pulte homes interferes with the useful life of the product. The useful life of Cocoon insulation is not a "lifetime", as represented by Pulte.

3.    <u>Civil Code §896(a)(10), (a)(11)</u>

Civil Code §896(a) provides that with respect to water issues:

. . . .

(10) Stucco, exterior siding, exterior walls, including, without limitation, exterior framing, and other exterior wall finishes and fixtures and the systems of those components and fixtures, including, but not limited to, pot shelves, horizontal surfaces, columns, and plant-ons, shall be installed in such a way so as not to allow unintended water to pass into the structure or to pass beyond, around, or through the designed or actual moisture barriers of the system, including any internal barriers located within the system itself. For purposes of this paragraph, "systems" include, without limitation, framing, substrate, flashings, trim, wall assemblies, and internal wall cavities, if any.

(11) Stucco, exterior siding, and exterior walls shall not allow excessive condensation to enter the structure and cause damage to another component. For purposes of this paragraph, "systems" include, without limitation, framing, substrate, flashings, trim, wall assemblies, and internal wall cavities, if any.

These standards specifically apply to wall assemblies and internal wall cavities. The system of wall assemblies and internal wall cavities containing Cocoon Insulation allows unintended water and excessive condensation to pass into the structures of Pulte homeowners. US Greenfiber's Cocoon "system" dumbs down the vapor barrier and vapor retarder system for wall assemblies that would otherwise prevent water from entering into homes and results in moisture and condensation being trapped behind cabinets and shower enclosures.

USGF designed the Cocoon Installation Implementation Plan with Pulte specifically as part of a wall assembly system into which Cocoon Insulation was incorporated as a building component. An influencing factor for the Plan was for "defining consistency across all locations" regarding moisture content. Pulte made representations of "internal moisture managed" for the system that incorporated the Cocoon Insulation.

Cocoon insulation is installed wet and closed in wall cavities where air circulation is inadequate. US Greenfiber pushed Pulte to eliminate the inclusion of a vapor retarder in wall assemblies to prevent the passage of moisture through the wall

All Counsel and Builder
Re:   Kingsbury v. U.S. Green fiber (Class Action)
September 16, 2009
Page 6

cavities and the drywall.  US Greenfiber contended that drywall, alone, was an
adequate vapor retarder as part of the wall cavity system–it was not.

    The closure of wall cavities containing Cocoon insulation, closed in the moisture
and dampness under conditions that are inherently defective for residential home
construction.  Furthermore, the exterior bathroom walls of wall assemblies are known
and expected to contain external vapor barriers and fixtures like cabinets and shower
enclosures on the outside of walls that block or inhibit the process of drying Cocoon
insulation inside the walls.

    For instance, Cocoon Insulation creates moisture problems in homes because
water is not prevented from passing through the wall cavity and the drywall, but then,
once it passes through the drywall, the moisture gets trapped behind mirrors, cabinets
and shower enclosures.  Introduction of Cocoon insulation into and around bathrooms
and bathroom wall assemblies unreasonably and dangerously promotes moisture
retention in residential construction.

    It was understood that moisture from the Cocoon insulation can travel through
interior walls of homes.  USGF did not have any specification to avoid trapping
moisture from the Cocoon Insulation behind mirrors  and shower enclosures covering
the wall assemblies.   According to Pulte, mold issues in Pulte homes in California were
caused by Cocoon WBCI "moisture trapped in the wall during the construction
process."  Mold was observed on the inside of drywall.

    Pulte marketed that its homes were "Engineered for Life" ("EFL") and that its
system has "been designed, built and tested according to the principles of building
science for optimal safety, durability, affordability and comfort." The Pulte EFL home
claims "moisture managed" as a quality of the home.  The EFL system used by Pulte and
USGF is a "systems approach" to construction. This approach looks at building
performance as a whole rather than as individual components or pieces.  One of the key
elements for the specifications for an EFL home revolved around insulation.  Pulte
advertised to prospective California homeowners that one of its standard "quality
features" for its California homes was that homes were "designed with Environments
for Living Blown Cellulose Insulation."  Pulte also promoted a "9 Step Building
Process" to Pulte home buyers.   The Cocoon Insulation used by Pulte for EFL homes
built in California put Pulte "on the radar" for construction risk because of moisture and
mold concerns. For California Pulte home buyers, Pulte defined the "Cocoon System" as
part of the "Construction Features" used by Pulte to implement its building philosophy
of "Consistency, Even Construction Flow, Efficient Building Processes, Higher Quality."

All Counsel and Builder
Re:    Kingsbury v. U.S. Green fiber (Class Action)
September 16, 2009
Page 7

In sum, RORA treats the passage of unintended water or excessive condensation through wall cavities and wall assemblies to be a violation of standards. The Uniform Building Code applicable to California also sets a standard for eliminating water intrusion and dampness entering through walls. Cocoon Insulation promotes the collection and intrusion of water into homes and Plaintiff seeks the removal of all Cocoon Insulation (not just limited amounts Pulte has removed to date), from the wall cavities of Pulte homes.

4.     Civil Code §896(g)(15)

"Structures shall be constructed in such a manner so as not to impair the occupants' safety because they contain public health hazards as determined by a duly authorized public health official, health agency, or governmental entity having jurisdiction. This paragraph does not limit recovery for any damages caused by a violation of any other paragraph of this section on the grounds that the damages do not constitute a health hazard." *Civil Code §896(g)(15)*.

The California Legislature has identified health and safety standards applicable to dwellings in California. According to *California Health & Safety Code § 17920.3,*

"Any building or portion thereof including any dwelling unit, guestroom or suite of rooms, or the premises on which the same is located, in which there exists any of the following listed conditions to an extent that endangers the life, limb, health, property, safety, or welfare of the public or the occupants thereof shall be deemed and hereby is declared to be a substandard building:
. . . .
(a) Inadequate sanitation shall include, but not be limited to, the following:
. . . .
       (11) Dampness of habitable rooms.
. . . .
( c) Any nuisance.
. . . .

Segura's home, and all of the other homes built by Pulte with this wet blown Cocoon Insulation, suffered dampness. Mr. Segura had dampness and mold in his home in violation of this standard.

All Counsel and Builder
Re:   <u>Kingsbury v. U.S. Green fiber (Class Action)</u>
September 16, 2009
Page 8

### 5.   <u>Civil Code §896(d)(1)</u>

"A structure shall be constructed so as to materially comply with the design criteria of the applicable government building codes, regulations, and ordinances for fire protection of the occupants in effect at the time of the original construction." The incorporation of Cocoon Insulation does not comply with applicable government building codes. According to US Greenfiber and Quality, US Greenfiber did not have certified Cocoon Insulation installers. US Greenfiber's product approval from the ICBO/ICC under the Uniform Building Code effective February, 2001 for the permitted use of Cocoon Insulation mandated that product application must be by manufacturer "certified" installers. However, according to Pulte, it was lead to believe by USGF that applicators it hired to apply Cocoon Insulation were certified by USGF. Cocoon Insulation was not permitted for incorporation into homes in California due to the lack of installer certification.

### <u>Remedies</u>

On behalf of Mr. Segura and all other similarly situated homeowners whose wall cavities contain Cocoon Insulation, we request the following remedies for all such homeowners pursuant to RORA:

1.   The reasonable value of the repair cost to repair wall cavities by removing Cocoon Insulation from the wall cavities of each home and replacing the insulation with fiberglass/batt insulation at insulation standards warranted by Pulte;

2.   The cost to repair and replace resulting property damage, including restoration of wall coverings and fixtures damaged during the repair process;

3.   Reasonable relocation and storage expenses;

4.   Reasonable investigative costs

5.   Any and all other remedies as permitted and allowed under RORA.

We would also request Mr. McConnell to respond in writing if his client will agree to treat the certified mailing of this letter to his firm as copy notice to Pulte Homes, Inc. or if Pulte requires us to serve the copy directly to its Bloomfield Hills

Sep 16 2009 2:57PM    Schimmel & Parks APLC        310-479-4407            P.10

All Counsel and Builder
Re:    <u>Kingsbury v. U.S. Green fiber (Class Action)</u>
September 16, 2009
Page 9

address.  This correspondence is written without waiver of the rights and remedies of
the Seguras and all similarly situated persons, including as applicable under *California
Civil Code §931.*

Very truly yours,

SCHIMMEL & PARKS
*A Professional Law Corporation*

Alan I. Schimmel
Michael W. Parks

MWP:eab
Counsel 002.wpd

C.    **IDENTIFICATION OF PULTE PROJECTS WITH COCOON INSULATION**

Attached as Exhibit "A" to this Disclosure Statement Pulte provides a list of all Pulte projects containing Cocoon wet blown insulation, with identification of the insulation contractor as currently known to Pulte. Pulte will complete the identification of the insulation contractors as more information becomes available.

DATED: June 5, 2008                    Koeller, Nebeker, Carlson & Haluck, LLP


                                        _Jeffrey M. McConnell_

                                        _____
                                        Edward W. Schmitt, Esq.
                                        Jeffrey M. McConnell, Esq.
                                        Attorneys for Defendant
                                        Pulte Home Corporation

13

# EXHIBIT A

000063

Pulte Developments that Contain Greenfiber Insulation 3/21/2008

| NIE Developments | # homes that contain wet blows insulation | Contractor Installed Insulation |
|---|---|---|
| Brookdale Terrace, Corona | 311 entire dvlpmt | Quality Interiors |
| Cypress Pointe | 165 partial dvlpmt | Paragon |
| Estates @ Apple Valley | 268 entire dvlpmt | Southwest Wall Systems |
| Estates @ Oak Valley, Beaumont | 154 entire dvlpmt | Southwest Wall Systems |
| Legacy Ranch, El Centro | 69 entire dvlpmt | Paragon |
| Rancho Summit Heritage, Rancho Cucamonga | 38 partial dvlpmt | Paragon Schmid |
| Rancho Summit Legacy, Rancho Cucamonga | 95 entire dvlpmt | Paragon Schmid |
| Ridgemont Heights, Adelanto | 235 entire dvlpmt | Southwest Wall System |
| Savanna Ranch, El Centro | 189/200 entire dvlpmt | |
| SOV, Beaumont Solera Oak Valley | 1290 entire dvlpmt | Rancho Valley Builders, & Quality Interiors, & Southwest Wall Systems |
| Stellan Ridge | 25 partial dvlpmt | Paragon Schmid |
| Stoneridge, Corona | 180 entire dvlpmt | Paragon Schmid |

11089-4

000084

## Pulte Developments that Contain Greenfiber Insulation 3/21/2004

| | | |
|---|---|---|
| Sun City Apple Valley (previously SAV) | 395 partial dvlpmt | Quality Interior or Southwest Wall Systems |
| Sun City Shadow Hills | 1103 entire dvlpmt | Quality, Interiors, & Southwest Wall Systems & Walldesign |
| Sun City Shadow Hills II | 393 partial dvlpmt | Walldesign & Paragon Schmid |
| Total NIB | 5100 houses | |
| | | |
| Coastal Developments (including LA/Ventura) | # houses that contain wet blown insulation | Contractor Installed Insulation |
| Alderbrook @ Canyon Hills, Lake Elsinore | 45 partial dvlpmt | Quality or Paragon |
| Ashbury Ridge @ Serrano Hts Orange | 72 entire dvlpmt | |
| Ashton Hills | 163 partial dvlpmt | |
| Ashton Place | 69 entire dvlpmt | Paragon Schmid |
| Ashton Place II | 78 partial dvlpmt | Paragon Schmid |
| Avery Lane @4S Ranch Rancho Bernardo | 75 entire dvlpmt | |
| Bella Rosa, Irvine | 104 entire dvlpmt | |
| Bremerton @ Vineyard | 108 entire dvlpmt | |
| Bremerton Estates, Murrieta | 41 entire dvlpmt | |
| Bridgeford @ Chase Ranch Corona | 99 entire dvlpmt | |

110894

000086

Sep 16 2009 2:59PM   Schimmel & Parks APLC        310-479-4407            p.15

Pulte Developments that Contain Greenfiber Insulation 3/21/2008

| Cachette, Irvine | 110 codes dopant | |
|---|---|---|

110894

000066

## Pulte Developments that Contain Greenfiber Insulation 3/21/2006

| | | |
|---|---|---|
| Rio Vista | 54 partial dri/part. | Sacramento Building Products |
| Sabella @ Talega, San Clemente | 37 partial dri/part. | Paragon Schmid |
| Solara Kern Canyon | 308 partial dri/part. | Sacramento Building Products |
| Solstice @ Quail Hill, Irvine | 89 entire dri/part | |
| St Austell, Perris | 113 entire dri/part | |
| St Austell 2, Perris | 117 entire dri/part | |
| St Croix, Perris | 155 entire dri/part | |
| Stone Throw @ Tuscany Hills, Lake Elsinore | 126 entire dri/part | |
| Vista Verde, Bakersfield | 39 entire dri/part | Sacramento Building Products |
| Watermark, Lake Elsinore | 133 entire dri/part | |
| Weatherly @ Canyon Hills, Lake Elsinore | 53 partial dri/part. | Southwest Wall Systems |
| Total Coastal | 3725 | |
| Sun City Palm Desert Developments | # homes that contain wet brown insulation | Contractor Installed Insulation |
| SC Palm Desert | 500 total part dri/part, partial dri/part. | |
| Total | | |
| Sun Lakes Developments | # homes that contain wet blown insulation | Contractor Installed Insulation |
| Diamond Collection, Standing Pulte bought this subdiv from Presely in 2005. Diamond... | 647 entire dri/part | Southwest Wall Systems |

110894

000068

### Pulte Developments that Contain Greenfiber Insulation 3/21/2006

| collection are the homes Pulte built | | |
|---|---|---|
| Total | 647 homes | |
| | | |
| Northern CA Developments | # homes that contain wet blown insulation | Contractor Installed Insulation |
| Beacon Pointe, Tracy | 63 partial deposit | Coast Building Products |
| Total | 63 homes | |

Grand Total: 9541

110894

000069



11601 Wilshire Blvd., Ste 2100
Los Angeles, California 90025
Bus: 310-479-9797
Fax: 310-479-4407
Toll Free: 877-775-2948
Website: www.spattorneys.com

# FACSIMILE

**Date:**      September 16, 2009

**Sent To:**   Stephen Embry, Esq./Christopher S. Burnside, Esq.      (502) 581-1087
               Brett W. Eubank, Esq./David R. Plancarte, Esq.        (951) 296-9740
               Edward W. Schmidt, Esq./Jeffrey McConnell, Esq.       (949) 864-9000
               John D. Klinedinst, Esq./Hartford O. Brown, Esq.      (213) 607-2116

**Sent From:** Eddren A. Boyer

**Re:**        **Kingsbury v. U.S. Greenfiber (Class Act)**
               Case No.   :      CV08-151-AHM (JTLx)
               Our File No.:     2007-1025

               19  **pages including cover**

**Message:**

If you do not receive all of the pages, or have any other problems with this transmittal, please do not hesitate to contact us at **(310) 479-9797**. Thank you.

### CONFIDENTIALITY NOTE:

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the receiver or firm named above. If the reader of this message is not the intended receiver, you are hereby notified that any dissemination, distribution, or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify the sender at the number provided above and destroy the original message. Thank you.