John D. Klinedinst, Bar No. 86254
Robert L. Clarkson, Bar No. 102183
Robert J. Hatem, Bar No. 185654
Mark J. Goldsmith, Bar No. 244339
KLINEDINST PC
777 S. Figueroa Street, Suite 4700
Los Angeles, California  90017
(213) 607-2115/FAX (213) 607-2116
jklinedinst@klinedinstlaw.com
rclarkson@klinedinstlaw.com
rhatem@klinedinstlaw.com
mgoldsmith@klinedinstlaw.com

Christopher S. Burnside, *Pro Hac Vice*
Stephen E. Embry, *Pro Hac Vice*
FROST BROWN TODD
400 W. Market St., 32nd Floor
Louisville, KY  40202
(502)568-0253/FAX (502)581-1087
cburnside@fbtlaw.com
sembry@fbtlaw.com

Attorneys for Defendant
**U.S. GREENFIBER, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE KINGSBURY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>U.S. GREENFIBER, LLC, et al.,<br><br>　　　　Defendants. | Case No.   CV08-00151 AHM (JTLx)<br><br>**NOTICE AND MOTION FOR ORDER REINSTATING ACTION ON THE COURT'S ACTIVE CASELOAD AND FOR HEARING DATE ON DEFENDANT U.S. GREENFIBER, LLC'S MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　　November 16, 2009<br>Time:　　　10:00 a.m.<br>Place:　　　Courtroom 14<br>Judge:　　　A. Howard Matz<br>Magistrate:　Jennifer T. Lum<br>Courtroom:　14 |

---

1

**NOTICE AND MOTION FOR ORDER REINSTATING ACTION ON COURT'S ACTIVE CASELOAD
& FOR HEARING DATE ON GREENFIBER'S MTN FOR RECONSIDERATION**
CV08-151-AHM(JTLx)

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE THAT on November 16, 2009 at 10:00 a.m. in the Courtroom of the Honorable Howard Matz, Judge of the United States District Court, for the Central District of California, located at 312 North Spring Street, Courtroom 14, Los Angeles, California, Defendant U.S. GREENFIBER, LLC, ("Defendant") will move for an order reinstating the instant action on the Court's active caseload and for a hearing date for Defendant U.S. Greenfiber, LLC's pending motion for reconsideration.

This motion is based upon the Notice of Motion and Memorandum of Points and Authorities submitted by Defendant, and other oral and documentary evidence as may be presented at the hearing of this matter. This Motion is made pursuant to Local Rules 7-18.

FROST BROWN TODD LLC

DATED: October 20, 2009    By:   /s/Stephen E. Embry
STEPHEN E. EMBRY, *PRO HAC VICE*
CHRISTOPHER S. BURNSIDE, *PRO HAC VICE*

Attorneys For Defendant
**U.S. GREENFIBER, LLC**

KLINEDINST PC

DATED: October 20, 2009    By:   /s/John D. Klinedinst
JOHN D. KLINEDINST
ROBERT L. CLARKSON
ROBERT J. HATEM
MARK J. GOLDSMITH

Attorneys for Defendant
**U.S. GREENFIBER, LLC**

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND

In September 2009, the Court heard oral argument on Plaintiff's second motion for class certification, and like its predecessor, the second class certification motion was denied. The denial, however, was not final, and the Court granted leave to renew the motion upon Plaintiff's compliance with the pre-litigation procedures of California's Right of Repair Act ("RORA"). Moreover, the Court made its ruling *without* an evaluation of the parties' thorough presentation of all Rule 26 criteria for class certification. A complete analysis of all certification factors presently before the Court reveals that Plaintiff cannot *possibly* satisfy the essential elements of typicality and commonality, regardless of his ability to comply with RORA. In other words, even if Plaintiff later complies with the pre-litigation procedures and then renews the motion, class certification will and must *still* be denied for failure to satisfy the statutory requirements outlined in Rule 26.

Because Plaintiff's compliance with RORA is unnecessary for and irrelevant to the class certification determination, Defendant U.S. Greenfiber, LLC ("Greenfiber") moved for reconsideration of the Court's September 14, 2009 minute order, *limited* to the extent that it denied Plaintiff's motion with leave to renew. The motion for reconsideration was filed on September 21st, but only three days later, the Court removed the action from the Court's active case load. On October 7th, the Court confirmed that Greenfiber's pending motion for reconsideration had been taken off calendar pursuant to the Court's September 24th minute order.

Greenfiber initially applied ex parte to reinstate this case and for setting a hearing date on the pending motion for reconsideration. However, pursuant to the Court's instructions, Greenfiber now seeks the requested relief via this noticed motion.

///

## II. GOOD CAUSE EXISTS FOR THE IMMEDIATE AND LIMITED REINSTATEMENT OF THE ACTION ON THE COURT'S ACTIVE CASELOAD

As demonstrated herein, no party will be prejudiced by the requested relief, yet a denial of this motion will prolong the unwarranted hardship borne by Defendants. Because the case is presently pleaded as a class action, Defendants are each faced with potential devastation of their businesses. The purported class is comprised of 9,709 members; Plaintiff has estimated damages of $200,000.00 per home.[1] Thus, Defendants have been compelled, and without a final denial of class certification must continue, to defend against a **$1,941,800,000.00** case.[2] Defendants should no longer be forced to operate their respective businesses with a **$2 billion** cloud hanging over their heads. By hearing Greenfiber's motion for reconsideration now, the Court can and should eliminate the unnecessary prejudice that has been and continues to be unnecessarily imposed upon all Defendants. In short, there is no reason why this case should not be activated for the limited purpose of hearing Greenfiber's motion for reconsideration.

### A. Purely Ministerial Matter.

The instant motion requests only ministerial action by the Court, pursuant to explicit instructions of the September 2009 Minute Order. Specifically, the minute order removed this action from the Court's active caseload "until further application by the parties." As stated above, Greenfiber presently has a motion for reconsideration pending before the Court, and Defendant respectfully requests the activation of the action for the limited purpose of hearing the motion. As set forth below, the parties will suffer no prejudice because the moving papers have already

///

---

[1] *Matalas v. Pulte Homes Corp.*, Case No. VCVVS 043784, Complaint, ¶ 15, Prayer for Damages.

[2] 9,709 X 200,000 = 1,941,800,000.

been served and the motion will have no effect on Plaintiff's participation in RORA's pre-litigation procedures.

### B. No "Surprise" Element.

Greenfiber's motion for reconsideration has already been filed and served, and the parties previously met-and-conferred at length during discussions relating to the anticipated filing of a joint status report. Thus, this motion and the related motion for reconsideration do not carry any element of surprise, and no party would be prejudiced by granting Greenfiber the relief sought. In fact, the Court's implementation of a stay of the action has provided Plaintiff with the benefit of additional time with which to evaluate Greenfiber's motion for reconsideration.

### C. No Effect on Plaintiff's Participation in RORA's Pre-Litigation Procedures.

Furthermore, the already-pending motion is solely one for reconsideration of the Court's prior order. The Court presently has before it *all* the facts and law necessary to deny Plaintiff's class certification *without* leave to renew. Specifically, Greenfiber's motion for reconsideration seeks a full evaluation of all Rule 26 factors *already presented* by the parties in relation to Plaintiff's second motion for class certification.

Whether Plaintiff can and/or will comply with RORA's mandatory pre-litigation procedures is *immaterial* to the issue at hand: Plaintiff cannot *possibly* satisfy the certification requirements of typicality and commonality. Therefore, the purpose of the litigation stay – to enable Plaintiff to participate in the statutory pre-litigation procedures – has no bearing, and will have no effect, on the reconsideration of Plaintiff's second motion for class certification. Likewise, allowing Greenfiber's motion for reconsideration to move forward will not prejudice Plaintiff's participation in RORA's pre-litigation requirements. Thus, the case should be reactivated, Greenfiber's motion for reconsideration should be

///

placed on calendar, and the Court should issue a final denial of Plaintiff's motion for class certification.

### D. Unnecessary Hardship to All Defendants.

Although granting the instant motion will not adversely affect Plaintiff, the denial of Greenfiber's request for reactivation will result in unnecessary hardship to all Defendants. Plaintiff's motion for class certification has been pending for nearly a year, and yet no final determination on class certification has been made.[3] Although all information necessary for a conclusive ruling is now before the Court, the parties presently face further delay of resolution due to the recent removal of the case from the Court's active caseload. Consequently, Defendants must continue to participate and defend the case as a class action, which exponentially expands the purported damages of the complaint and threatens each company's financial stability.

By way of simple illustration, Plaintiff's counsel has previously estimated damages at $200,000.00 per home. With a claimed class of more than 9,700 members, Defendants have been forced for the past year to defend this case as a class action that, according to Plaintiff, carries the potential for **nearly $2 billion** in damages! Defendants, of course, dispute the exaggeration of damages claimed. Regardless of the accuracy of Plaintiff's estimate, however, Defendants have been and *continue to be* prejudiced by the lack of a denial of class certification **without leave to renew**.[4]

By contrast, an immediate and final denial of the proposed class certification will conclusively *and appropriately* categorize this suit as a single-residence case, which cannot possibly wield the economic devastation of a class action. Until the

---

[3] Plaintiff's first set of moving papers were filed in November 2008. The Court denied without prejudice Plaintiff's first motion for class certification in March 2009. Plaintiff's second class certification motion was subsequently filed, and again, it was denied but with leave to renew.

[4] Even if Plaintiff's damages estimate is reduced to $1,000 per home – a fraction of Plaintiff's claim – Defendants would still be unnecessarily forced to defend a $10 million case.

KLINEDINST PC
777 S. FIGUEROA ST., 47TH FLOOR
LOS ANGELES, CALIFORNIA 90017

Court reactivates the action and makes a final ruling, however, Defendants will remain needlessly burdened with financial uncertainty and the prospect – remote as it may be – of fiscal ruin.

### III. CONCLUSION

Based on the foregoing, Greenfiber respectfully requests that this Court grant the instant motion, reactivate this action, and set the pending motion for reconsideration for hearing.

FROST BROWN TODD LLC

DATED: October 20, 2009   By:   /s/Stephen E. Embry
STEPHEN E. EMBRY, *PRO HAC VICE*
CHRISTOPHER S. BURNSIDE, *PRO HAC VICE*

Attorneys For Defendant
**U.S. GREENFIBER, LLC**

KLINEDINST PC

DATED: October 20, 2009   By:   /s/John D. Klinedinst
JOHN D. KLINEDINST
ROBERT L. CLARKSON
ROBERT J. HATEM
MARK J. GOLDSMITH

Attorneys for Defendant
**U.S. GREENFIBER, LLC**