1  Alan I. Schimmel, Esq. SBN 101328
   Michael W. Parks, Esq. SBN 154531
2  aischimmel@spattorneys.com
   mwparks@spattorneys.com
3  SCHIMMEL & PARKS
   *A Professional Law Corporation*
4  11601 Wilshire Blvd., Suite 2100
   Los Angeles, California 90025
5  Telephone: (310) 479-9797   Facsimile: (310) 479-4407

6  Attorneys for PLAINTIFFS AND
   PROPOSED CLASS

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE KINGSBURY, EMILIO SEGURA, PILIEN SEGURA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. GREENFIBER, LLC, a North Carolina business entity; PULTE HOME CORPORATION, a Michigan corporation; QUALITY INTERIORS, INC., a California Corporation; and DOES 1 through 1000, inclusive,<br><br>Defendants. | CASE NO. CV08-151-AHM (JTLx)<br><br>**PLAINTIFFS' RESPONSE TO MOTION TO REINSTATE ACTION TO ACTIVE CASELOAD AND OPPOSITION TO MOTION FOR HEARING DATE ON MOTION FOR RECONSIDERATION**<br><br>**Date:** November 16, 2009<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom No. 14<br>312 North Spring Street<br>Los Angeles, California<br><br>Action Filed: 11/15/07 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

U.S. Greenfiber's motion to reactivate the case is premature and unnecessary. In its September, 2009 order, the Court contemplated re-activation of the action once the RORA "pre-litigation" process for "non-adversarial" inspection was completed. This RORA process has moved forward. Plaintiff's home is being inspected by Pulte on November 3, 2009.

Assuming that Pulte will not be offering to repair and remove Cocoon insulation from the Segura home, the pre-litigation "non-adversarial" process will be deemed completed. Completion of this process was a pre-condition for Mr. Segura to act as a class representative under RORA and *Cal. Civil Code §931* pursuant to the Court's September 14, 2009 order.

Accordingly, Plaintiff proposes that the Court maintain the current schedule which contemplates the Court receiving a status report regarding the RORA "pre-litigation" process in early 2010. As soon as the RORA "pre-litigation" process is completed, Plaintiff will file a renewed motion for class certification. However, until the RORA pre-litigation process is completed, it is premature to reactivate the case. For this reason, the motion should be denied.

## II.  LEGAL ANALYSIS

The RORA inspection of the Segura home is scheduled for November 3, 2009. (Parks Declaration, ¶3.) In contemplation of the RORA process, the Court issued an order setting a date to evaluate the reactivation of this case to the active caseload in early 2010. Plaintiff anticipates the case will be reactivated as soon as the parties exhaust the pre-litigation RORA "non-adversarial" inspection process for the Segura home.

U.S. Greenfiber's arguments for reinstatement in order to file a motion for reconsideration, are not appropriate given the timing and pendency of the pre-litigation RORA inspection process. The Court's September 14, 2009 order set

1  forth that, to be an adequate class representative, Mr. Segura had to satisfy the
2  provisions of RORA regarding the pre-litigation process.  Mr. Segura gave written
3  notice to Pulte of claimed defects on behalf of himself and other similarly situated
4  persons.  Pulte has been given an opportunity to inspect the Segura home.  The
5  inspection is taking place on November 3, 2009.
6      U.S. Greenfiber's demand to reinstate the action before the RORA "pre-
7  litigation" process is completed, is a reversal of Greenfiber's prior argument at
8  page 8:25-27 of its opposition brief to class certification that "pre-litigation"
9  RORA procedures must first be completed by a homeowner like Mr. Segura.  U.S.
10 Greenfiber now claims at page 5:19-20 of its brief to reinstate the case to the
11 active list that "RORA's mandatory pre-litigation procedures" are "*immaterial*".
12 The Court did not agree with U.S. Greenfiber's current argument that such "pre-
13 litigation" procedures were immaterial and should be disregarded; it accepted the
14 argument of defendants that Mr. Segura was required to complete the RORA "pre-
15 litigation" process to be considered as an adequate class representative under
16 RORA..
17     Although U.S. Greenfiber claims hardship in seeking to short circuit the
18 RORA pre-litigation process, its claim is not based on any "new facts".  Plaintiffs'
19 class action claims have been known to U.S. Greenfiber well before the motion for
20 class certification was filed.  Indeed, thousands of Pulte homeowners have been
21 kept in the dark regarding the existence of the defective Cocoon Insulation product
22 and Pulte's own product defect lawsuit against U.S. Greenfiber over the defective
23 Cocoon Insulation.
24     As this Court is aware, Pulte sued U.S. Greenfiber in Riverside County
25 Superior Court claiming that it did not have "proper and adequate Greenfiber
26 Cellulose insulation specifications and protocol for the installation of the
27 Greenfiber Cellulose insulation" and that US Greenfiber "negligently
28 manufactured, supplied, sold, tested, inspected and placed into the stream of

1  commerce the Greenfiber Cellulose insulation and installation specifications and
2  protocol for the installation of the Greenfiber cellulose insulation into mass
3  produced housing projects by residential developers" like Pulte.  (Parks Decl. Ex.
4  "A", ¶86, p.20:16-26.)

5      U.S. Greenfiber's counsel's characterizations of the potential costs to repair
6  the Cocoon Insulation defect range widely from $1,000.00 per home in footnote 4
7  of its brief, to $200,000.00 per home.  These attorney arguments are not
8  evidentiary and do not establish "hardship" as a basis to re-open the action before
9  the short period of time elapses to complete with the RORA "pre-litigation"
10 procedures.  These were the procedures that U.S. Greenfiber and the other
11 defendants argued that Mr. Segura must first complete.  The Court accepted
12 defendants' arguments irrespective of U.S. Greenfiber's apparent reversal in its
13 current motion.

14 **III.  CONCLUSION**

15     Based on the foregoing analysis, Plaintiffs respectfully request the Court to
16 deny the motion of U.S. Greenfiber.

DATED: November 2, 2009    SCHIMMEL & PARKS
*A Professional Law Corporation*

By: _____
Alan I. Schimmel
Michael W. Parks
Attorneys for Plaintiffs DANIELLE
KINGSBURY, EMILIO SEGURA, PILIEN
SEGURA, individually and on behalf of all
others similarly situated